THE STATE, EX REL. SMART ET AL., *v.* MCKINLEY, JUDGE.

(No. 80-1423—Decided October 29, 1980.)

6

*Kruglik, Wilkins, Griffiths & Dougherty Co., L.P.A.,* Mr. Samuel Kruglik and Mr. William I. Kohn, for Smart.

Mr. James R. Unger, prosecuting attorney, for Stark County Board of Elections.

Mr. Donald C. Steiner, for respondent.

*Per Curiam.* Since the November 4 general election is less than one week away, this proceeding was properly brought as an original action in this court. Under normal circumstances, an appellate process would last well past the election. Similarly, under normal circumstances, this court is extremely reluctant in entertaining an original action when there is an adequate remedy at law available. *State, ex rel. Dormody,* v. *McClure* (1977), 50 Ohio St. 2d 335; *Transairco* v. *Common Pleas Court* (1976), 45 Ohio St. 2d 27; *State, ex rel. Peto,* v. *Thomas* (1970), 24 Ohio St. 2d 38. But, as we stated in *State, ex rel. Tulley,* v. *Brown* (1972), 29 Ohio St. 2d 235, 237, the

relator need not follow a suicidal course under the "ordinary course of the law" doctrine. Thus, we feel compelled to entertain the instant action.

Respondent, in his opinion enjoining Smart's name from appearing on the ballot, states that "***there exists in this case a compelling state interest in requiring all candidates for the unexpired term to file on time in order to permit the Boards of Elections involved and the Secretary of State time to perform the administrative functions set forth in***" the Revised Code. It is anomalous that relators state, in their brief, that "***both the Secretary of State of Ohio and the Stark County Board of Elections expressly denied that there existed a compelling state interest such that they would be justified in refusing to certify***Smart's candidacy."

The last paragraph of R. C. 3513.31 provides the procedure for nominating candidates for an office when the person holding the office dies or resigns that office "subsequently to the one-hundredth day before the day of a primary election and prior to the fortieth day before the day of the next general election."

In *Ramsayer* v. *Celebrezze, Jr., supra,* the federal district court held that this provision, insofar as it forbade the placing of independents on the ballot, is unconstitutional. Respondent did not deny this but rather held that at the least the 65-day limitation contained in R. C. 3513.30, the statute regarding candidate withdrawal, should be used. He further held, in effect, that this limitation, which relator had not complied with, is constitutional.

It is not clear what period of limitation applies. A 65-day period cannot apply when an office holder vacates the office 40 days before the election.

The board of elections, in its discretion, decided to place Smart's name on the ballot for the unexpired seat. In the absence of fraud, corruption, or an abuse of discretion, that decision should not be overturned. See *State, ex rel. Gongwer,* v. *Graves* (1914), 90 Ohio St. 311. The board of elections was faced with a difficult situation due to the recent federal district court decision in *Ramsayer, supra,* and it has not been demonstrated that the board's decision was tainted with fraud, corruption, or an abuse of discretion.

8

In *State, ex rel. Gongwer, supra,* we held in paragraph one of the syllabus that: "Elections belong to the political branch of the government and not to the judicial, and are not *per se* the subject of judicial cognizance, but are matters for political regulation.\*\*\*" The problem of the applicable and pertinent time limitations for the filing of an independent candidacy under R. C. 3513.31 is now properly placed in the hands of the General Assembly. We refrain from placing such limitation in this case, nor can we agree with respondent's decision to place such a limitation on Smart under the facts of this case.

Prohibition has been used to prevent a board of elections from placing a candidate's name on the ballot where such name may not lawfully be placed on the ballot. *State, ex rel. Higgins,* v. *Brown* (1960), 170 Ohio St. 511; *State, ex rel. Newell,* v. *Brown* (1954), 162 Ohio St. 147. Further, mandamus may issue to compel a board of elections to put the name of a candidate on the ballot if the cause requires that the board take such action. *State, ex rel. Bass,* v. *Bd. of Elections* (1952), 157 Ohio St. 345; *Sullivan* v. *State, ex rel. O'Connor* (1932), 125 Ohio St. 387. Based on the reasoning of those cases, it is proper herein to issue an extraordinary writ under these circumstances.

For the foregoing reasons, a writ is issued prohibiting respondent from enjoining the placing of Smart's name on the ballot for the unexpired seat. Accordingly, respondent's motions to dismiss and for summary judgment are denied.

*Writ allowed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

DOWD, J., not participating.