[The State, ex rel.] Barton et al. *v.* Butler County Board of Elections.

[Cite as Barton *v.* Butler Cty. Bd. of Elections (1988), 39 Ohio St. 3d 291.]

(No. 88-1730—Submitted October 19, 1988—Decided October 20, 1988.)

*Norma Barton* and *John Barton,* pro se.

*John F. Holcomb,* prosecuting attorney, and *Victoria Daiker,* for respondent.

*Per Curiam.* Respondent argues that relators have an adequate remedy at law via an injunction. We agree and find an additional reason why prohibition is inappropriate.

For a writ of prohibition to issue, a court must find that the respondent is about to exercise judicial or quasi-judicial power, that the exercise of such power is unauthorized by law, and that relator has no other adequate remedy at law. *State, ex rel. Judson,* v. *Spahr* (1987), 33 Ohio St. 3d 111, 515 N.E. 2d 911. This court has held that the Secretary of State exercises quasi-judicial power when determining the sufficiency of referendum petitions. *State, ex rel. Patton,* v. *Myers* (1933), 127 Ohio St. 95, 186 N.E. 872. This characterization applies equally to boards of elections in their review of such petitions. Thus, the first prerequisite for the issuance of a writ of prohibition is satisfied.

The second prerequisite for the issuance of a writ is that the quasi-judicial power is unauthorized by law. Here, the essence of relators' complaint is not that respondent is unauthorized to determine the sufficiency of referendum petitions. Such a contention is refuted by R.C. 3501.11 (K),[1] which expressly provides such authority. Rather, relators contend that respondent has not applied or has

---

[1] R.C. 3501.11 provides in part:
"Each board of elections shall * * *:
"* * *

"(K) Review, examine, and certify the sufficiency and validity of petitions and nomination papers * * *."

misapplied the law, *i.e.,* it has judged badly or abused its discretion. In *Kelley* v. *State, ex rel. Gellner* (1916), 94 Ohio St. 331, 114 N.E. 255, we held in paragraph three of the syllabus:

"The proper function of the writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction and to confine them to the exercise of those powers legally conferred. It is not an appropriate remedy for the correction of errors, and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate."

R.C. 3501.11(K) confers legal authority on respondent to review the sufficiency of referendum petitions. Therefore, prohibition is not an appropriate remedy to correct alleged errors or prevent an allegedly erroneous decision stemming from such a review.

The third prerequisite for the issuance of a writ of prohibition is lack of an adequate legal remedy. In *State, ex rel. Harrison,* v. *Perry* (1925), 113 Ohio St. 641, 150 N.E. 78, this court considered the remedy of prohibition in a case involving the discretionary exercise of quasi-judicial authority and held:

"The duties of a coroner under the statutes are both ministerial and quasi-judicial. To prevent an abuse of discretion in the exercise of the latter, the remedy is by way of injunction and not a writ of prohibition." *Id.* at paragraph two of the syllabus.

We apply the holdings of these cases here. Prohibition does not lie to correct an allegedly erroneous exercise of properly assumed quasi-judicial authority by a board of elections in approving referendum petitions for the ballot; injunction is the proper remedy in such a case.

Due to our disposition of this issue, we find it unnecessary to decide the other issues raised.

For the foregoing reasons, the writ of prohibition is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.