OPINION AND JOURNAL ENTRY
On April 6, 1999, Relator filed a complaint in prohibition seeking an order to prohibit Respondent Court from disbursing the sum of $361 taken from Relator's residence at the time of his arrest. Relator was arrested and charged with two counts of possession of cocaine and one count of having weapons under disability.
On March 30, 1999, Respondent issued a judgment entry which recites in full:
 "This matter came before the court upon a motion to return property filed by defendant.
 The court finds that the sum of $361.00 was taken from the residence of defendant on February 29, 1998. It is ordered that said motion is hereby denied.
 It is ordered that the sum of $361.00 be forwarded to the clerk of courts to be applied against costs of prosecution."
Court records reflect that in the underlying criminal action, Common Pleas Case No. 98 CR 193, Relator was indicted on one count of possession of cocaine, one count of possession of crack cocaine and one count of having a weapon under a disability. He was acquitted of the weapons charge and convicted of the two drug counts. By way of a sentencing entry filed March 25, 1999, Relator was given concurrent sentences of 10 months and 17 months on each respective charge. The sentencing entry as found in Journal 1341 Page 394 also taxes costs of prosecution against Relator. Relator asserts that the seized money has no relevance to any of the charged crimes, was improperly confiscated and should be returned.
On September 14, 1999, Respondent filed a Motion to Dismiss this original action. The basis of the motion is that prohibition does not lie inasmuch as the trial court had already ordered that the money be used to defray the costs of prosecution. Secondly, Relator failed to avail himself of an available legal remedy, direct appeal from the offending entry.
It should be noted at this juncture that Relator timely filed a direct appeal from the entry of sentence. (Appeals Case No. 99 CA 70). That case remains on the active docket of this court.
Citing to Commercial Savings Bank v. Court of Common Pleas
(1988), 35 Ohio St.3d 192, 193, the Ohio Supreme Court in State exrel. Fyffe v. Pierce (1988), 40 Ohio St.3d 8 delineated the requirements for issuance of a writ of prohibition:
 "In order for a writ of prohibition to issue, relators must establish: (1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists."
In short, the purpose of a writ of prohibition is to restrain interior courts and tribunals from exceeding their jurisdiction.State ex rel. Varton v. Butler Cty. Bd. of Elections (1988).39 Ohio St.3d 291. Prohibition will not lie to prevent an anticipated erroneous judgment. State ex rel. Heimann v. George (1976),45 Ohio St.2d 231. Only where there is a total want of jurisdiction will prohibition lie to undo an order already entered. State exrel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326.
Under R.C. 2947.23:
 "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs which shall be paid to the public treasury from which the jurors were paid."
The docket record in the underlying criminal case reveals that there was a jury in this case and the lower court ordered payment for 14 jurors at $10.00 per day for one day. Obviously, Respondent has statutory authority to order a defendant to pay costs of his or her criminal prosecution.
 It is stated in State ex rel. Henry v. Britt (1981), 67 Ohio St.2d 71
at 75:
 "* * * a writ of prohibition will not issue if there is an adequate remedy at law. (Citations omitted). In this case there appears to be no potential errors which could not be corrected on appeal, thus obviating the existence of one of the grounds for a prohibition action."
In the case sub judice, Respondent entered the order applying the funds towards costs before the complaint was filed. Accordingly, the preventative writ is unavailable as Respondent has statutory authority to enter the order it did. Moreover, the available legal remedy of a direct appeal from the order of March 30, 1999 forecloses this court from considering this action in prohibition.
In the somewhat analogous case of State v. Mahoney (April 5, 1995), Lorain App. No. 94 CA 005932, unreported, wherein a replevin motion was filed to recover $1,564.87 seized from the defendant and not considered evidence or contraband to the crime charged, the court found under R.C. 2933.41(C)(2) the right to possession of the funds was lost because the defendant falsely procured the appointment of counsel at the taxpayer's expense. The relevant statute recites:
 "A person loses any right he may have to the possession, or the possession and ownership, of property if any of the following applies:
* * *
 (2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of such person, it is unlawful for the person to acquire or possess the property."
In Mahoney, supra, the seized funds were used to satisfy $904.10 in court costs and to defray the cost of court appointed counsel. While the Mahoney court highlighted the fact that "public policy does not permit Mahoney to retain the right to possession of the funds when he had claimed indigency and thereby falsely procured the appointment of counsel" the court stated at page 4 of its opinion:
 "We find that it was entirely fair, proper and within the court's discretion to apply the funds to costs and court appointed attorney fees in the cases in which Mahoney was prosecuted. Mahoney cannot be heard to complain that money to which he no longer retained any right to possession was utilized to satisfy debts owed by him to the state."
Mahoney pursued the legal remedy of a replevin motion. The extraordinary writ of prohibition is not available to recover the seized funds. As in Mahoney an appeal was available from the denial of the motion to return seized property.
Complaint dismissed. Costs taxed against Relator. Final order. Clerk to serve notice on counsel or unrepresented party as provided by the civil rules.
JUDGE EDWARD A. COX, JUDGE JOSEPH J. VUKOVICH, JUDGE CHERYL L. WAITE.