CAMPAIGN TO ELECT LARRY CARVER SHERIFF ET AL. *v.* CAMPAIGN TO ELECT ANTHONY STANKIEWICZ SHERIFF ET AL.

[Cite as *Campaign to Elect Larry Carver Sheriff v. Campaign to Elect Anthony Stankiewicz Sheriff*, 101 Ohio St.3d 256, 2004-Ohio-812.]

(No. 2004–0263—Submitted February 20, 2004—Decided February 23, 2004.)

---

**Per Curiam.**

{¶ 1} Relator Larry Carver and respondent Anthony Stankiewicz are candidates for the office of Sheriff of Portage County, Ohio, at the March 2, 2004 primary election. R.C. 311.01(B)(9) requires an elected sheriff either to meet certain academic criteria or to have "at least two years of supervisory experience as a peace officer at the rank of corporal or above." In assessing Stankiewicz's

qualifications to be a candidate for sheriff, the Portage County Board of Elections requested that Stankiewicz provide an outline of his duties as Chief Security Officer and Bailiff for the Portage County Court of Common Pleas, Domestic Relations Division. On January 5, 2004, Judge Joseph R. Kainrad and Judge John A. Enlow of the common pleas court filed with the board of elections an outline of those duties. Based on this additional evidence, the board approved Stankiewicz as a qualified sheriff's candidate.

{¶ 2} On January 13, 2004, Carver submitted a written protest to the board of elections against the candidacy of Stankiewicz and another person for county sheriff. Carver claimed that the board should vacate its approval of Stankiewicz's candidacy because Stankiewicz's supervisory experience with the state did not meet the statutory requirements. Furthermore, he claimed that the judges' letters describing Stankiewicz's duties resulted in "an apparent conflict of interest under Ohio law in that it appears that the judiciary is appointing or certifying the candidacy of its employee, Mr. Stankiewicz." Carver further contended that Stankiewicz did "not meet the spirit or letter of the qualifications regarding 'Peace Officer Status' based upon the [evidence in his protest] and other evidence that will be presented at hearing."

{¶ 3} On January 28, 2004, the board held a hearing on Carver's protest and issued a decision denying the protest and upholding Stankiewicz's candidacy that same day. On January 31, Carver received the board's decision.

{¶ 4} On February 6, 2004, relators, Carver and the Campaign to Elect Larry Carver Sheriff, filed this expedited election action for a writ of prohibition to prevent Stankiewicz from participating as a candidate for Portage County Sheriff at the March 2, 2004 primary election. Relators named only Stankiewicz and the Campaign to Elect Anthony Stankiewicz Sheriff as respondents. Respondents did not file a timely response to relators' original complaint. On February 19, 2004, i.e., 19 days after receiving the board's decision denying their protest, relators filed a motion to amend their complaint to add the board of elections as a respondent. On that same day, respondents Stankiewicz and Campaign to Elect Stankiewicz Sheriff filed a motion to dismiss.

{¶ 5} This cause is now before the court for our consideration of relators' motion to amend their original complaint. In addition, because it is now unlikely that the S.Ct.Prac.R. X(9) schedule for the presentation of evidence and briefs in expedited election matters will be completed before the March 2, 2004 primary election, this cause is also before the court for our consideration of the merits.

## Motion to Amend

{¶ 6} Relators move to amend this complaint to add the board of elections as a respondent. Under S.Ct.Prac.R. X(2), as limited by S.Ct.Prac.R. X(1), original

actions other than habeas corpus filed in this court "shall proceed under the Ohio Rules of Civil Procedure, unless clearly inapplicable." See *Hughes v. Calabrese,* 95 Ohio St.3d 334, 767 N.E.2d 725, ¶ 13. We have applied Civ.R. 15(A) in expedited election cases on motions to amend complaints. *State ex rel. Hackworth v. Hughes,* 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 26.

{¶ 7} Civ.R. 15(A) permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served." Under S.Ct.Prac.R. X(5), an answer, a motion to dismiss, or a motion for judgment on the pleadings constitutes a "responsive pleading." *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 631, 716 N.E.2d 704. Because the original respondents did not file any responsive pleading within the time set forth in expedited election matters under S.Ct.Prac.R. X(9), relators are entitled to amend their pleading to add the board of elections as a respondent without leave of court or written consent of respondents. Civ.R. 15(A); *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378.

{¶ 8} Therefore, relators' complaint was amended as of right under Civ.R. 15(A), and we need not rule on their motion.

Prohibition: Stankiewicz and Campaign to Elect Anthony Stankiewicz Sheriff

{¶ 9} Relators request a writ of prohibition seeking the removal of Stankiewicz as a candidate for Portage County Sheriff at the March 2, 2004 primary election. In order to be entitled to the requested writ of prohibition, relators must establish that (1) respondents are about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 71, 647 N.E.2d 769.

{¶ 10} Relators are unable to establish that respondents Stankiewicz and his political campaign are about to exercise or have exercised judicial or quasi-judicial power. " 'Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial.' " (Emphasis omitted.) *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 241, 736 N.E.2d 893, quoting *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908. Manifestly, the respondents initially designated by relators did not hear and determine relators' protest against Stankiewicz's candidacy. These respondents are nonjudicial entities who did not exercise judicial or quasi-judicial power. See, e.g., *State ex rel. McGrath v. Ohio Adult Parole Auth.,* 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 7 ("neither the APA nor its parole officers exercised judicial or quasi-judicial authority in imposing postrelease control"); *State ex rel. Denton v. Bedinghaus,* 98 Ohio St.3d 298, 2003-Ohio-861,

784 N.E.2d 99, ¶ 24 (relators "not entitled to a writ of prohibition against the nonjudicial appellees").

{¶ 11} Although prohibition may issue before an election to prevent the ballot placement of names or issues, *State ex rel. Hills Communities, Inc. v. Clermont Cty. Bd. of Elections* (2001), 91 Ohio St.3d 465, 467, 746 N.E.2d 1115, the proper respondent in this type of case is the board of elections, which relators failed to name in their February 6 complaint. See *State ex rel. Newell v. Tuscarawas Cty. Bd. of Elections* (2001), 93 Ohio St.3d 592, 594, 757 N.E.2d 1135 (board exercised quasi-judicial authority by denying statutory protest following a hearing that included sworn testimony).

{¶ 12} Therefore, we deny the writ of prohibition sought against Stankiewicz and Campaign to Elect Anthony Stankiewicz Sheriff.

## Prohibition: Board of Elections: Laches

{¶ 13} In their complaint, as amended, relators now seek a writ of prohibition against the board of elections, which is the appropriate respondent for this claim. "Relators in election cases must exercise the utmost diligence." *State ex rel. Fuller v. Medina Cty. Bd. of Elections*, 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶ 7. "Therefore, relators requesting extraordinary relief in an election-related matter are required to act with the required promptness, and if they fail to do so, laches may bar the action." Id., citing *State ex rel. Newell*, 93 Ohio St.3d at 595, 757 N.E.2d 1135.

{¶ 14} Relators did not act with the requisite diligence in their claim against the board here. Although the board's decision denying their protest was received by them on January 31, relators waited another *19 days* to name the board of elections as a respondent in this action for extraordinary relief. See *State ex rel. Demaline v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 523, 526–527, 740 N.E.2d 242, quoting *State ex rel. Landis v. Morrow Cty. Bd. of Elections* (2000), 88 Ohio St.3d 187, 189, 724 N.E.2d 775 (" '[W]e have held that a delay as brief as nine days can preclude our consideration of the merits of an expedited election case' ").

{¶ 15} "Our consistent requirement that expedited election cases be filed with the required promptness is not simply a technical nicety." *State ex rel. Carberry v. Ashtabula* (2001), 93 Ohio St.3d 522, 524, 757 N.E.2d 307. Expedited election cases "implicate the rights of electors underlying the statutory time limits of R.C. 3505.01 and 3509.01." *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 494, 700 N.E.2d 1234. Here, the statutory deadline to have absentee ballots printed and ready for use was February 6. R.C. 3509.01 (absentee ballots "shall be printed and ready for use on the twenty-fifth day

before the day of a presidential primary election"). That deadline expired 13 days before relators named the board as a respondent.

{¶ 16} Similarly, we have held that a lapse of 22 days from the date of a board decision upholding a protest against a prospective sheriff's candidate until the time that person filed a complaint in an expedited election case barred the action based on laches. See *State ex rel. Landis,* 88 Ohio St.3d at 189, 724 N.E.2d 775.

{¶ 17} Moreover, given the late date at which relators amended the complaint to add the board as a respondent, they made it more likely that the expedited election schedule in S.Ct.Prac.R. X(9) would not be completed or that we would not have all the evidence presented in this case until after the March 2, 2004 election. Under these circumstances, relators' February 19 amendment of their petition does not relate back to the February 6 date of their initial complaint. Cf. Civ.R. 15(C).

{¶ 18} In an analogous situation, we denied a motion to amend a complaint filed after a responsive pleading in an expedited election case. See *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 504–505, 756 N.E.2d 1228 ("despite the general policy in favor of granting leave to amend when justice requires, Civ.R. 15[A], we deny relators' motion because their amended complaint * * * would further delay this expedited case based on errors that should have resolved by relators before instituting this action for extraordinary relief"). Similarly, relators could have named the board of elections as a respondent in their February 6, 2004 complaint. They offer no justifiable excuse for not doing so, and their delay has prejudiced both the board and the electors.

## Conclusion

{¶ 19} Therefore, because the initially named respondents exercised neither judicial nor quasi-judicial authority on relators' protest, relators are not entitled to the requested writ of prohibition against them. Furthermore, laches bars relators' prohibition claim against the board of elections. Accordingly, we deny the writ.

Writ denied.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PFEIFER, J., concurs in judgment only.

---

**PFEIFER, J., concurring in judgment only.**

{¶ 20} I would not decide this case based on laches. See *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 495, 700 N.E.2d 1234 (Pfeifer, J., concurring). See, also, *State ex rel. Wolfe v. Delaware Cty. Bd. of*

*Elections* (2000), 88 Ohio St.3d 182, 186–187, 724 N.E.2d 771 (Pfeifer, J., dissenting). I concur in judgment only because I would dismiss this case on the merits.

Mark Steven Colucci, for relators.

Linnen Co., L.P.A., and Jerome T. Linnen Jr., for respondents Anthony Stankiewicz and Campaign to Elect Anthony Stankiewicz Sheriff.