TATMAN *v.* FAIRFIELD COUNTY BOARD OF ELECTIONS.

[Cite as *Tatman v. Fairfield Cty. Bd. of Elections,*
102 Ohio St.3d 425, 2004-Ohio-3701.]

(No. 2004–0650—Submitted June 8, 2004—Decided July 28, 2004.)

**Per Curiam.**

{¶ 1} Dennis S. Carley was employed as a peace officer with the Fairfield County, Ohio Sheriff's Office during certain periods until April 6, 2000. From 1989 to 1992, Carley was also employed as a peace officer with the Perry County, Ohio Sheriff's Office. Since April 6, 2000, Carley has not been employed as a peace officer. According to Carley, he has over nine years of supervisory experience as a peace officer at the rank of corporal or above through April 6, 2000. From March 1, 1999, through March 1, 2004, however, Carley has only approximately 13 months of supervisory experience as a peace officer at the rank of corporal or above.

{¶ 2} On October 29, 2003, Carley applied to become an independent candidate for the office of Sheriff of Fairfield County, Ohio in 2004. Respondent, Fairfield County Board of Elections, received Carley's application in November 2003.

{¶ 3} On March 16, 2004, relator, Carl E. Tatman, a resident and registered voter of Fairfield County, protested Carley's candidacy with the board of elections. Tatman claimed that Carley lacked the requisite supervisory experience to be an eligible candidate for sheriff.

{¶ 4} On April 6, 2004, the board held a hearing on Tatman's protest. At the conclusion of the hearing, the board voted two-to-one to deny Tatman's protest

and certify Carley's name to the November 2004 election ballot "pending approval and certification of his Candidate Petition."

{¶ 5} On April 21, 2004, Tatman filed a complaint for a writ of prohibition to prevent the board from certifying Carley's candidacy. On May 7, 2004, before the board had filed a response, Tatman filed an amended complaint in prohibition and a motion for leave to amend his original complaint because of missing pages. On May 11, 2004, Carley moved to intervene as a respondent and attached a brief in opposition to Tatman's action. Carley did not attach any pleading to his motion. The board's response to the amended complaint was due May 21, 2004, but no response was timely filed. Civ.R. 15(A).

{¶ 6} This cause is now before the court for our determination under S.Ct. Prac.R. X(5) and on Tatman's motion to amend his complaint and Carley's motion to intervene.

## Motion to Amend

{¶ 7} Tatman moves for leave to amend his original complaint. Under S.Ct.Prac.R. X(2), original actions other than habeas corpus filed in the court "shall proceed under the Ohio Rules of Civil Procedure, unless clearly inapplicable." Civ.R. 15(A) is not "clearly inapplicable" to election cases filed here. *State ex rel. Hackworth v. Hughes,* 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 26.

{¶ 8} Civ.R. 15(A) permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served." Under S.Ct.Prac.R. X(5), an answer, a motion to dismiss, or a motion for judgment on the pleadings constitutes a "responsive pleading." *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 631, 716 N.E.2d 704. Because Tatman amended his complaint before the board filed a responsive pleading, his amendment was "as a matter of course" and no motion was necessary. *Campaign to Elect Larry Carver Sheriff v. Campaign to Elect Anthony Stankiewicz Sheriff,* 101 Ohio St.3d 256, 2004-Ohio-812, 804 N.E.2d 419, ¶ 7–8.

{¶ 9} Therefore, Tatman's complaint was amended as of right under Civ.R. 15(A), and we need not rule on his motion. Id. at ¶ 8.

## Motion to Intervene

{¶ 10} Carley moves to intervene as a respondent. He claims entitlement to intervene as of right under Civ.R. 24(A).

{¶ 11} We deny Carley's motion to intervene. Civ.R. 24(C) requires that any such motion be accompanied by a pleading "setting forth the claim or defense for which intervention is sought." Carley did not file any pleading with his motion to intervene. See *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan,* 100 Ohio

St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361, ¶ 13; see, also, *State ex rel. Wilkinson v. Reed,* 99 Ohio St.3d 106, 2003-Ohio-2506, 789 N.E.2d 203, fn. 1, and cases cited therein.

{¶ 12} But because Carley was entitled to file an amicus curiae brief without leave of court, we will consider his brief, which is attached to his motion. See *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 70, 647 N.E.2d 769 (court considers amicus curiae brief of a candidate whose motion to intervene in prohibition and mandamus election action was denied because of his failure to comply with Civ.R. 24[C] ).

### S.Ct.Prac.R. X(5) Determination

{¶ 13} Dismissal of this prohibition action under S.Ct.Prac.R. X(5) is required if it appears beyond doubt, after presuming the truth of all material factual allegations of the amended complaint and making all reasonable inferences in Tatman's favor, that Tatman is not entitled to the requested extraordinary relief in prohibition. See *State ex rel. Satow v. Gausse–Milliken,* 98 Ohio St.3d 479, 2003–Ohio–2074, 786 N.E.2d 1289, ¶ 11. If, however, after construing the material factual allegations, it appears that Tatman's prohibition claim may have merit, an alternative writ should be granted and a schedule for evidence and briefs should be issued. *State ex rel. C.V. Perry & Co. v. Licking Cty. Bd. of Elections* (2002), 94 Ohio St.3d 442, 444, 764 N.E.2d 411.

{¶ 14} Tatman requests a writ of prohibition to prevent Carley's candidacy for Fairfield County Sheriff at the November 2004 general election. To be entitled to the requested writ, Tatman must establish that (1) the board is about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *Campaign to Elect Larry Carver Sheriff,* 101 Ohio St.3d 256, 2004-Ohio-812, 804 N.E.2d 419, ¶ 9. Moreover, even if the board already exercised its quasi-judicial power by denying Tatman's protest, relief in prohibition is still available to prevent the placement of names or issues on a ballot, as long as the election has not yet been held. *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 241, 736 N.E.2d 893.

{¶ 15} With these standards in mind, we now consider Tatman's prohibition claim.

### Prohibition: Adequate Remedy

{¶ 16} In order to be entitled to the writ, Tatman must establish the lack of an adequate remedy in the ordinary course of the law. *Campaign to Elect Larry Carver Sheriff,* 101 Ohio St.3d 256, 2004-Ohio-812, 804 N.E.2d 419, ¶ 9. Tatman claims that based on *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 649 N.E.2d 1205, he lacks an adequate legal remedy.

{¶ 17} Tatman's claim lacks merit. In *Thurn*, we emphasized that "[c]oncerning the third prerequisite for a writ of prohibition, given the proximity of the election, an injunction would arguably not constitute an adequate remedy because any 'appellate process would last well past the election.'" Id. at 291–292, 649 N.E.2d 1205, quoting *State ex rel. Smart v. McKinley* (1980), 64 Ohio St.2d 5, 6, 18 O.O.3d 128, 412 N.E.2d 393. In *Thurn*, the election case was an expedited election matter filed on March 28, 1995, and involved the May 2, 1995 ballot. Similarly, in *Smart*, the original action was filed less than a month before the applicable election.

{¶ 18} Here, however, the election was not imminent when the board denied Tatman's protest. It was almost *seven months* away. The election was still over *six months* away when Tatman filed the action. This is also not an expedited election case under S.Ct.Prac.R. X(9). Therefore, the cases cited by Tatman are inapposite. An action for a prohibitory injunction in common pleas court provides an adequate remedy in the ordinary course of law. Cf. *State ex rel. Barton v. Butler Cty. Bd. of Elections* (1988), 39 Ohio St.3d 291, 292, 530 N.E.2d 871 ("Prohibition does not lie to correct an allegedly erroneous exercise of properly assumed quasi-judicial authority by a board of elections in approving referendum petitions for the ballot; injunction is the proper remedy in such a case").

{¶ 19} Based on the foregoing, Tatman has or had an adequate remedy in the ordinary course of law by filing an action for a prohibitory injunction.

### Conclusion

{¶ 20} We treat Tatman's complaint as amended as a matter of course, deny Carley's motion to intervene, treat Carley's brief as an amicus curiae brief, and dismiss the cause because Tatman has or had an adequate legal remedy by an action for an injunction.

Cause dismissed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Downes, Hurst & Fishel, Jonathan J. Downes and David A. Riepenhoff, for relator.

Vorys, Sater, Seymour & Pease, L.L.P., and Kevin R. Conners, urging dismissal for amicus curiae Dennis Carley.