DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on a motion for summary judgment and memorandum in support filed by petitioner, Melvin A. Woods, on February 20, 2007. Respondent, Toledo Police Chief Michael Navarre, filed a motion in opposition to summary judgment on March 13, 2007, and petitioner filed a reply on April 19, 2007. *Page 2 
 {¶ 2} This matter originated on September 7, 2006, when petitioner asked this court to issue a writ of mandamus ordering respondent, Toledo Police Chief Michael Navarre, to restore petitioner to his prior employment as a Toledo Police Patrolman, give him all "previous rights including civil service status" from May 11, 2002, pursuant to R.C.742.40(C)(1), and pay his attorney fees and costs associated with bringing this action. In support petitioner, a member of the Toledo Police Department ("TPD"), states that on May 11, 2002, he became a "disability benefit recipient," as defined by R.C. 742.40(A). However, on November 22, 2005, petitioner's disability pension was terminated pursuant to R.C. 742.40(C)(3), and he sought reinstatement to his former employment on December 5, 2005. Petitioner further states that his period of disability constitutes a "leave of absence" as defined by R.C.742.40(C)(1) and that, since his leave of absence has been terminated, he is entitled to reinstatement to the Toledo Police force pursuant to R.C. 742.40(C)(3).
 {¶ 3} Respondent filed an answer on November 1, 2006, in which he asserted that petitioner is not entitled to reinstatement as a police officer. Specifically, respondent alleged therein he does not have a "clear legal duty" to reinstate petitioner, because "certain circumstances stated in Petitioner's writ existed and the petitioner resigned his position and pursued disability leave in lieu of adverse termination action." Respondent also asserted that petitioner is not entitled to a writ of mandamus because he has an adequate remedy at law.
 {¶ 4} On February 20, 2007, petitioner filed the motion herein, in which he asserts that summary judgment is proper because R.C.742.40(C)(3) entitles him to *Page 3 
reinstatement as a Toledo police officer as a matter of law. Accordingly, petitioner asks this court to issue a writ of mandamus and order respondent to award him "the relief sought for [sic] in his Petition as well as costs and fees associated with the filings in the instant case and for such other and further relief as the Court deems just and proper."
 {¶ 5} Attached to petitioner's motion is petitioner's own affidavit, in which petitioner states he is able and available to return to work. Also attached is a letter from the Ohio Police Fire Pension Fund to the city of Toledo dated November 22, 2005, stating that petitioner's disability retirement is to be considered a "leave of absence pursuant to Section 742.40(C)(1) of the [Ohio Revised Code]"; a December 5, 2005 letter from petitioner's attorney to the TPD, stating that petitioner is available to return to work; and a December 14, 2005 letter from petitioner's attorney, addressed jointly to respondent, the TPD Personnel Department, and the Executive Director of the Ohio Police Fire Pension Fund, stating that petitioner should be allowed to return to work immediately.
 {¶ 6} On March 13, 2007, respondent filed a response in opposition to summary judgment, in which respondent asserts that petitioner is not entitled to summary judgment as a matter of law. In support, respondent argues that petitioner does not have a clear legal right to reinstatement to his former position as a Toledo Police officer.
 {¶ 7} Attached to the response is the affidavit of Margaret Wallace, Manager of Administrative Services for the city of Toledo Human Resources Department, and a copy of the Toledo Civil Service Commission Rules. In her affidavit, Wallace states that petitioner cannot return to work as a Toledo police officer until he fulfills the civil service *Page 4 
requirements of a medical examination, background investigation, and "specified retraining," as set forth in Section 70.05 of the Civil Service Commission Rules. In addition, respondent relies on O.A.C. 109:2-1-12, which governs certification requirements before beginning service as a "peace officer,"[1] and upon re-entry after a lapse in service.
 {¶ 8} Based on the above-cited provisions, respondent argues that, before being reinstated to his former position as a Toledo police officer, petitioner must "[pass] a physical examination, a psychological examination, a physical ability examination, and a background investigation," and complete a "re-training" course before being reinstated. Respondent did not attach to his response any evidence that petitioner took a leave of absence to avoid an "adverse termination action."
 {¶ 9} On April 19, 2007, petitioner filed a reply, in which he argues that respondent has sent "mixed messages" regarding the requirements for petitioner to return to work. In support, petitioner attached to his reply a copy of a letter from James R. Gant, attorney for the city of Toledo, dated August 30, 2006, which stated that petitioner could return to work upon fulfillment of the following conditions:
 {¶ 10} "1) Mr. Woods pass the standard physical and mental examination; *Page 5 
 {¶ 11} "2) Mr. Woods go through an abbreviated stint at the Police Academy, (i.e., probably a two (2) week duration); and
 {¶ 12} "3) That the City is willing to pay Mr. Woods' verified attorney's fees."
 {¶ 13} Petitioner does not assert that any of the conditions listed in attorney Gant's letter have been fulfilled. To the contrary, petitioner argues that R.C. 742.40 (C)(3) does not require him to fulfill any requirements or other "contingencies" before being reinstated as a police officer. Accordingly, petitioner concludes that he has no adequate legal remedy other than a writ of mandamus through which to seek reinstatement as a police officer and, therefore, he is entitled to summary judgment on that issue as a matter of law.
 {¶ 14} Pursuant to Civ.R. 56, summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to the requested relief as a matter of law. In order for a writ of mandamus to issue, the relator must demonstrate that: "(1) there is no plain and adequate remedy in the ordinary course of law; (2) the respondent is under a clear duty to perform some act or acts; and (3) the relator has a clear right to the relief prayed for." State ex rel. Durkin v.Mahoning Co. Bd. of Elections (1996), 115 Ohio App.3d 180, 183, citingState ex rel. Smart v. McKinley (1980), 64 Ohio St.2d 5, 6-7.
 {¶ 15} As set forth above, respondent asserts that, before being reinstated as a police officer, petitioner must undergo a medical examination. Petitioner responds that the language of R.C. 742.40(C)(3) is mandatory; therefore, no medical examination is *Page 6 
required. Accordingly, we will first determine whether petitioner has a clear legal right to resume his former employment as a police officer pursuant to R.C. 742.40(C)(3), without first having a medical examination.
 {¶ 16} It is undisputed that, from May 11, 2002, until November 22, 2005, petitioner was receiving disability benefits. Pursuant to R.C.742.40(C)(1), "[a] disability benefit recipient shall be considered on leave of absence from the recipient's position of employment as a member of a police or fire department during the first five years following the effective date of the recipient's disability benefits, notwithstanding any contrary provisions of this chapter." The return of a police officer to duty following a period of disability is addressed in R.C.742.40(C)(3), which states that, after a disability benefit recipient is certified as no longer meeting the requirements for a disability set forth in R.C. 742.40(C)(1), "the disability benefit shall be terminated." Thereafter:
 {¶ 17} "[i]f the leave of absence provided under division (C)(1) of this section has not expired when a disability benefit is terminated under this division, the board shall certify to the recipient's last employer before being found disabled that the recipient is no longer incapable of resuming service. At the recipient's request, the employer shall restore the recipient to the previous position and salary or to a position and salary similar to it, with all previous rights, including civil service status. The employer is not required to restore the recipient to employment if the recipient was dismissed or resigned in lieu of dismissal for dishonesty, misfeasance, malfeasance, or conviction of a felony." *Page 7 
 {¶ 18} In addition to R.C. 742.40(C), there are several provisions that apply to the reinstatement of police officers to duty after a period of disability. The first is R.C. 124.50 which provides, in relevant part, that:
 {¶ 19} "Any person holding an office or position under the classified service in * * * a police department who is separated therefrom due to injury or physical disability * * * incurred other than in the performance of duty may be reinstated, upon filing with the * * * chief of the police department, a written application for reinstatement, to the office or position held at the time of such separation, after passing a physical examination showing that the person has recovered from the injury or other physical disability. The physical examination shall be made * * * within two weeks after application for reinstatement has been made, provided such application for reinstatement is filed within five years from the date of separation from the department * * *."
 {¶ 20} An examination of the above statutory provisions reveals that in order to qualify for reinstatement pursuant to R.C. 742.40(C)(3), an officer must first be certified as no longer eligible for disability benefits. It is undisputed that the Ohio Police Fire Pension Fund Board of Trustees certified that petitioner was no longer incapable of returning to work on November 22, 2005. In contrast, R.C. 124.50 applies generally to any police officer who seeks to return to employment after a separation due to injury or other physical disability.
 {¶ 21} Upon consideration of the foregoing, we conclude that since R.C. 742.40(C)(3) contains the more specific provision governing petitioner's reinstatement, it provision is controlling in this instance. Accordingly, petitioner is not required to have a *Page 8 
medical examination pursuant to R.C. 124.50 before he can be reinstated. See State v. Taylor, 113 Ohio St.3d 297, 2007-Ohio-1950, ¶ 14 (Where a statute couched in general terms appears to conflict with a specific statute on the same subject, the latter must control.)
 {¶ 22} As set forth above, respondent further asserts that petitioner is not entitled to reinstatement until he completes a "re-training" course. In support, respondent states that, in addition to R.C. 742.40, the return of a police officer to active duty is governed by administrative regulation O.A.C. 109:2-1-12(D)(2)[2] which states, in relevant part, that:
 {¶ 23} "All persons who have previously been appointed as a peace officer and have been awarded a certificate of completion of basic training by the executive director * * * who have not been appointed as a peace office for one year or more but less than four years shall, within one year of the re-appointment date as a peace officer, successfully complete a refresher course prescribed by the executive director and any training as required by paragraph (D)(1) of this rule. * * * Officers required to complete the refresher course are permittedto perform the functions of a peace officer for one year from the dateof the re-appointment which gave rise to the requirement." (Emphasis added.) *Page 9 
 {¶ 24} Upon review of the foregoing we conclude that, even if O.A.C. 109:2-1-12(D)(2) applies to petitioner, he has up to one year after being reinstated to his former position as a Toledo police officer to complete a refresher course. Accordingly, respondent's argument that a refresher course is required prior to petitioner's reinstatement as a police officer is misplaced.
 {¶ 25} Respondent also urges this court to find that petitioner is not entitled to mandamus because he has an adequate remedy at law pursuant to Toledo Civil Service Commission Rule 70.05. We disagree.
 {¶ 26} Toledo Civil Service Commission Rule 70.05 ("Rule 70.05") states:
 {¶ 27} "The Commission or Appointing Authority may require medical and/or psychological examinations of an employee, class of employees or prospective employees, for the purpose of determining fitness for the position held or to be held. Such medical and/or psychological examination shall be made by a physician, or a psychologist for a psychological examination, designated by the commission and the results recorded and filed with the Commission. Employees who either refuse to submit to such medical and/or psychological examinations when so ordered, or found to be unfit for the duties of their positions after such psychological or medical examinations are subject to be suspended, transferred, demoted or dismissed as the facts may warrant after charges have been preferred and a hearing held. Any employee suspended, demoted or dismissed under the provisions of this section shall have the right to appeal to the Commission." *Page 10 
 {¶ 28} It is clear that Rule 70.05 was intended to provide a way for the city to evaluate its existing employees and chosen candidates for civil service positions. In return, those individuals are given the right to an administrative appeal from an adverse determination. However, in order for such rights and remedies to apply, the person to be examined must first be an "employee" or, at least, a chosen candidate for a particular civil service position.
 {¶ 29} In this case, respondent refuses to even consider petitioner for reinstatement to his former position until he submits to a medical and/or psychological examination.[3] Accordingly, upon consideration, we find that petitioner has no plain and adequate remedy at law pursuant to Rule 70.05, since the rule does not apply to petitioner at this time.
 {¶ 30} On consideration whereof, we find that respondent has a clear legal duty, pursuant to R.C. 742.40(C)(3), to reinstate petitioner to his former position as a Toledo police officer, or to a similar position. We further find that petitioner has a legal clear right to such reinstatement, and that no other adequate remedy at law exists in this case. Accordingly, there being no other genuine issue of material fact, we find, after construing *Page 11 
the evidence most strongly in respondent's favor, that petitioner is entitled to summary judgment as a matter of law.
 {¶ 31} Respondent, Toledo Police Chief Mike Navarre, is hereby ordered to reinstate petitioner to his former position and salary as a patrolman with the city of Toledo, Department of Police, or a position and salary similar to it, with all previous rights, including civil service status. In addition, respondent is ordered to pay petitioner's attorney fees, along with all other costs and fees associated with bringing this action.
 {¶ 32} Writ granted. It is so ordered.
[1] "Peace officers" include "member[s] of the organized police department of a township or municipal corporation * * * who is commissioned and employed as a peace officer by a political subdivision of this state * * * and whose primary duties are to preserve the peace, to protect life and property, and to enforce the laws of this state, [or] ordinances of a municipal corporation * * *." R.C. 2935.01(B).
[2] We note that, in his opposition to summary judgment, respondent argued that the applicable regulation is O.A.C. 109:2-1-12(D)(3). However, O.A.C. 109:2-1-12(D)(3) applies only in situations where a peace office returns to duty after an absence of over four years. Petitioner initially asked to return to duty after an absence of only three and one-half years. Therefore, the more relevant section is O.A.C. 109:2-1-12(D)(2).
[3] Our review of the record shows that respondent has presented no legal authority or other facts to support his assertion that petitioner must submit to a "background check" before being reinstated. In addition, as set forth above, respondent has not presented any evidence that petitioner was initially placed on a leave of absence due to "misfeasance," "malfeasance." Accordingly, we need not address those issues on summary judgment. See Dresher v. Burt (1996),75 Ohio St.3d 280 (Once the moving party has satisfied its initial burden by presenting evidence to support its claim, the non-moving party has a reciprocal burden to present evidence as outlined in Civ.R. 56(E). Mere unsupported statements that contradict the moving party's assertions are insufficient to meet the non-moving party's burden. Id. at 193.) *Page 1