Moyer, C.J.,
dissenting.
I
{¶ 41} I respectfully dissent from the majority decision to grant a writ of prohibition for relator, Carleton S. Finkbeiner. While I agree that respondents, the Lucas County Board of Elections and its members, exercised quasi-judicial authority in denying Finkbeiner’s protest to the recall petition against him and that the board’s decision was legally unauthorized, I fail to see how he lacked an adequate remedy in the ordinary course of law, given the availability of a prohibitory injunction through a court of common pleas. Because Finkbeiner had an ample amount of time to seek such an injunction when he filed the present suit, I would dismiss the cause.
II
{¶ 42} Arguing that the recall petition against him was defective, Finkbeiner seeks a writ of prohibition to prevent respondents from placing the mayoral recall issue on the November 3, 2009 general election ballot. To be entitled to such a writ, Finkbeiner is required to establish, inter alia, that he lacked an adequate remedy in the ordinary course of the law. State ex rel. Craig v. Scioto Cty. Bd. of Elections, 117 Ohio St.3d 158, 2008-Ohio-706, 882 N.E.2d 435, ¶ 18, 25.
{¶ 43} Although the respondents stipulate that this factor is met, that stipulation, relating not to a factual issue but to a legal conclusion, is not binding on this court. See, e.g., Aulizia v. Westfield Natl. Ins. Co., Trumbull App. No. 2006-T-0057, 2007-Ohio-3017, 2007 WL 1732382, ¶ 14, fn. 2, citing Ish v. Crane (1862), 13 Ohio St. 574 (“While courts are ordinarily bound by the factual stipulations of litigants, courts are not bound in their determination of questions of law”). Therefore, we should disregard the stipulation of the parties and apply our legal precedent to the facts presented.
{¶ 44} We have decided several cases that directly address the issue of adequate remedies in the ordinary course of law in this context. These cases clearly demonstrate that a prohibitory injunction action is an adequate remedy in the ordinary course of law to correct an alleged error by an elections board in approving a petition, provided that an election is not imminent when the board *470 denies the protest or when the case challenging the decision is filed. See Tatman v. Fairfield Cty. Bd. of Elections, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 18-19; State ex rel. Gains v. Mahoning Cty. Bd. of Elections, 119 Ohio St.3d 1433, 2008-Ohio-4442, 893 N.E.2d 197; State ex rel. Evans v. Blackwell, 111 Ohio St.3d 1, 2006-Ohio-4334, 854 N.E.2d 1025, ¶ 42-45; cf. State ex rel. Barton v. Butler Cty. Bd. of Elections (1988), 39 Ohio St.3d 291, 292, 530 N.E.2d 871 (“Prohibition does not lie to correct an allegedly erroneous exercise of properly assumed quasi-judicial authority by a board of elections in approving referendum petitions for the ballot; injunction is the proper remedy in such a case”). It is well settled that this court lacks original jurisdiction to issue injunctive relief. Section 2(B), Article IV, Ohio Constitution; State ex rel. Stine v. McCaw (1939), 136 Ohio St. 41, 15 O.O. 538, 23 N.E.2d 631, paragraph two of the syllabus.
{¶ 45} In Tatman, the election was almost seven months away when the board denied relator’s protest against a person’s candidacy for county sheriff and was still over six months away when relator filed a prohibition action challenging the elections board’s decision denying the protest. Tatman, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 44. We held that because the election was not an imminent election when the board denied relator’s protest, dismissal of the election-related prohibition action was appropriate. Id. at ¶ 18.
{¶ 46} Similarly, in Gains, the election was less than six months away when the board denied the relators’ protest against a person’s candidacy, and it was less than five months away when the relator filed a prohibition action to prevent the person’s candidacy on an election ballot. Citing Tatman, we granted the board’s motion for judgment on the pleadings and dismissed the prohibition action because relator “has or had an adequate remedy at law by way of an action for a prohibitory injunction.” 119 Ohio St.3d 1433, 2008-Ohio-4442, 893 N.E.2d 197.
{¶ 47} This case raises comparable circumstances. When the board of elections denied Finkbeiner’s protest, the November 3 election was almost five months away, and when Finkbeiner filed this prohibition action challenging the board’s decision, the election was over four months away. Notably, Finkbeiner could have filed a protest against the petition when the petition was initially filed with the clerk of council on April 9, but he waited until eight days after the clerk’s certification of the petition to the board of elections to do so and then waited another 14 days after the board’s June 9 denial of his protest to file the prohibition action in this court.
(¶ 48} To be sure, we have “often held in election cases that ‘given the closeness of the election date * * *, relators lack an adequate remedy in the ordinary course of law’ because alternate remedies are not sufficiently speedy.” Evans, 111 Ohio St.3d 1, 2006-Ohio-4334, 854 N.E.2d 1025, ¶ 42, quoting State ex *471 rel. Brown v. Butler Cty. Bd. of Elections, 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 22. The preeminent cases recognizing this general proposition are State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections (1995), 72 Ohio St.3d 289, 291-292, 649 N.E.2d 1205, and State ex rel. Smart v. McKinley (1980), 64 Ohio St.2d 5, 6, 18 O.O.3d 128, 412 N.E.2d 393.
{¶ 49} These cases, however, are distinguishable. Thum was an expedited election case filed slightly more than a month before the election, and Smart was filed less than a month before the election. In addition, the sole case cited by Finkbeiner in support of his allegation that he lacks an adequate remedy in the ordinary course of law was filed less than three months before the election. See State ex rel. Shumate v. Portage Cty. Bd. of Elections (1992), 64 Ohio St.3d 12, 591 N.E.2d 1194. By contrast, this case, which is not an expedited election case under S.Ct.Prac.R. X19),[1] does not involve an election that was imminent at the time that the board denied the protest or when this case was filed.
{¶ 50} I understand the concern raised in the majority opinion, that it is sometimes difficult for potential relators in election-related cases to know what remedies to seek and in what order. I do not agree, though, that the above interpretation would turn our election-law precedent into “an elaborate trap for the unwary.” In fact, the majority opinion obfuscates the standard we have applied consistently to previous cases. It cannot be reasonably argued that if relator had filed a legal action soon after the board denied his protest, rather than the request for an extraordinary writ, he would have fallen into a “trap” for the unwary. Such a legal action could have been resolved well before the distribution of ballots.
{¶ 51} As is often the case, the touchstone is reasonableness. An individual wishing to challenge an election-related decision is merely expected to assert his or her claims with reasonable diligence and to pursue remedies in their appropriate order. If, as is the case here, several months separate the alleged wrong and the election, and the ordinary course of law could yield an adequate result, the individual should exhaust those other options before seeking an extraordinary writ in this court.
{¶ 52} It must be remembered that “[e]xtraordinary writs * * * provide extraordinary, not alternative remedies * * *.” State ex rel. Johnson v. Talikka (1994), 71 Ohio St.3d 109, 110, 642 N.E.2d 353. One may not pursue measures of last resort unless it is absolutely necessary to do so, and it was not necessary here; Finkbeiner could have obtained and can still receive relief elsewhere in the *472 ordinary course of law. We serve no one by changing the application of our standards in order to resolve the merit issue raised by relator.
Vorys, Safer, Seymour & Pease, L.L.P., John J. Kulewicz, William J. Pohlman, Mary J. Henkel, Michael J. Hendershot, and Elizabeth A. Davis; and Law Office of Fritz Byers and Fritz Byers, for relator.
Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borrell, Assistant Prosecuting Attorney, for respondents.
{¶ 53} Moreover, the majority’s concerns of potential dismissal for failure to promptly file a challenge, thereby creating “an impossible situation” for prospective relators, are overrated. While one who waits too long to bring a matter to this court’s attention may risk the application of laches, that legal doctrine punishes only the dilatory, not the diligent. See Blankenship v. Blackwell, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 19. Laches will not affect a prospective relator unless he or she has unjustifiably ignored his potential claims; I fail to see how that doctrine affects our consideration of whether an otherwise diligent individual has properly exhausted his other remedies.
{¶ 54} Therefore, based on our precedent in Taiman and Gains, I would dismiss this case because Finkbeiner had and continues to have an adequate remedy in the ordinary course of law by filing a common pleas court action for a prohibitory injunction.
O’Donnell and Cupp, JJ., concur in the foregoing opinion.

. Under this rule, original actions filed in this court relating to a pending election that are filed within 90 days prior to the election receive an expedited evidence and briefing schedule.