[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 221.]

THE STATE EX REL. FULLER ET AL. *v.* MEDINA COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Fuller v. Medina Cty. Bd. of Elections*, 2002-Ohio-5922.]

*Elections—Writ of prohibition to prevent Medina County Board of Elections et al. from placing a referendum on a zoning amendment on certain property in Brunswick Hills Township on the November 5, 2002 election ballot—Writ denied, when.*

(No. 2002-1744–Submitted October 28, 2002–Decided October 30, 2002.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶1} Relators, Gilbert and Henrietta Fuller, own certain property in Brunswick Hills Township, Medina County, Ohio. On May 14, 2002, upon the application of Gilbert Fuller, the Brunswick Hills Township Board of Trustees rezoned three parcels of the Fullers' property from R-R (Rural Residential) to C-3 (Highway Arterial Commercial).

{¶2} A petition requesting a referendum on the zoning amendment was circulated. On June 11, 2002, the petitioners submitted the petition to the board of township trustees pursuant to R.C. 519.12(H). The board of township trustees transmitted the petition to respondent Medina County Board of Elections, and on July 1, 2002, the board of elections advised the trustees that the petition contained 191 valid signatures. On August 13, 2002, the board of township trustees approved the petition and requested the board of elections to place the referendum issue on the November 5, 2002 election ballot.

{¶3} On August 22, 2002, the Fullers submitted a written protest against the referendum petition, and respondents, the board of elections, its members, its

director, and its deputy director, set the matter for a hearing. For one of their protest grounds, the Fullers claimed that the map attached to the referendum petition "is incorrect as it distorts the actual adjacent zoning which is misleading and insinuates inaccuracies thus failing to provide a complete indication of the nature of the surrounding area and as such is ambiguous and misleading to the average person."

{¶4} On September 23, 2002, the board of elections conducted a hearing on the protest. Gilbert Fuller and the Fullers' attorney attended the hearing and presented argument in support of their protest. The Fullers contended that the petition map failed to contain a fourth parcel and that the zoning classification of an adjacent parcel was misrepresented. At the conclusion of the September 23 hearing, the board of elections denied the protest, determined that the zoning referendum petition was valid, and ordered the referendum issue placed on the November 5, 2002 election ballot. On October 3, 2002, the board of elections mailed a letter informing the Fullers' attorney of its September 23 decision.

{¶5} On October 10, 2002, the Fullers filed this action for a writ of prohibition to prevent the board of elections, its members, its director, and its deputy director from placing the referendum on the township zoning amendment on the November 5, 2002 election ballot. On October 11, the Fullers filed an amended complaint requesting the same relief. Respondents submitted an answer, and the parties filed evidence and briefs pursuant to S.Ct.Prac.R. X(9). Ballots for the November 5, 2002 election have been prepared, and absentee ballots have been distributed, with some ballots already returned to the board of elections.

{¶6} This cause is now before the court for a consideration of the merits.

{¶7} Relators in election cases must exercise the utmost diligence. *State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77-01 v. Lorain Cty. Bd. of Elections*, 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, at ¶26. Therefore, relators requesting extraordinary relief in an election-related matter are required to act with the required promptness, and if they fail to do so, laches may

bar the action. *State ex rel. Newell v. Tuscarawas Cty. Bd. of Elections* (2001), 93 Ohio St.3d 592, 595, 757 N.E.2d 1135; see, also, *State ex rel. Vickers v. Summit Cty. Council*, 97 Ohio St.3d 204, 2002-Ohio-5583, 777 N.E.2d 830, at ¶13.

{¶8} The Fullers did not act with the required diligence. The Fullers waited over two months from the date that the referendum petition was submitted to the board of township trustees to file a protest. Moreover, the Fullers and their attorney knew of the board's September 23, 2002 decision to deny their protest at the hearing on that date. But instead of filing this action for extraordinary relief promptly, they waited an additional 17 days.

{¶9} They failed to submit credible evidence of any justifiable excuse for this delay. In their reply brief, they assert that their delay in filing this action was justified because the board of elections did not send formal notification of its decision until October 3. But this ignores their actual knowledge of the official action of the board on September 23. It also does not explain their failure to file a protest until over two months after the petition was submitted to the board of township trustees. See, e.g., *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 308-309, 686 N.E.2d 238. Furthermore, in their written protest, the Fullers did not specify all of the grounds that they asserted at the protest hearing and in this prohibition action. Instead, their protest challenge to the map attached to the referendum petition was limited to the alleged "distort[ion of] the actual adjacent zoning." Cf. *State ex rel. Ryant Commt. v. Lorain Cty. Bd. of Elections* (1999), 86 Ohio St.3d 107, 113, 712 N.E.2d 696 ("By not promptly submitting a statutorily sufficient protest and by engaging in acts of gamesmanship that did not assist the board in its objective of expeditiously determining their challenges, relators commenced a sequence of dilatory actions that necessitated our order to impound the ballots for the special election").

**{¶10}** As a result of the Fullers' failure to act in a timely fashion, the statutory date for absentee ballots to be printed and ready for use had passed before they filed this action on October 10. See R.C. 3509.01.

**{¶11}** This case is comparable to *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections* (1995), 74 Ohio St.3d 143, 656 N.E.2d 1277, where we unanimously held that a 17-day delay until October 6 to file an expedited election case for a writ of prohibition to remove a candidate's name from the November 7, 1995 election ballot precluded the prohibition action based on laches. Here, the Fullers waited 17 days until October 10, 2002, to file an expedited election case for a writ of prohibition to prevent the referendum issue from appearing on the November 5, 2002 election ballot. See, also, *State ex rel. Carberry v. Ashtabula* (2001), 93 Ohio St.3d 522, 524, 757 N.E.2d 307 (16-day delay), and *Vickers* (19-day delay). Under these circumstances, any delay by the board did not excuse the Fullers' failure to exercise the utmost diligence in bringing their challenges to the petition to the board of elections and to this court. *State ex rel. Ascani v. Stark Cty. Bd. of Elections* (1998), 83 Ohio St.3d 490, 493, 700 N.E.2d 1234.

**{¶12}** Therefore, the Fullers' prohibition action is barred by laches. By so holding, we need not address the merits of their claim. See, e.g., *Carberry*, 93 Ohio St.3d at 525, 757 N.E.2d 307. We will not indulge in advisory opinions. *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, at ¶18, citing *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 242, 736 N.E.2d 893.

Writ denied.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Lawrence J. Courtney, for relators.

Dean Holman, Medina County Prosecuting Attorney, and William L. Thorne, Assistant Prosecuting Attorney, for respondents.

_____