THE STATE EX REL. BARLETTA ET AL. *v.* FERSCH, FIN. DIR., ET AL.

[Cite as *State ex rel. Barletta v. Fersch,*
99 Ohio St.3d 295, 2003-Ohio-3629.]

(No. 2002–2189—Submitted May 13, 2003—Decided July 23, 2003.)

**Per Curiam.**

{¶ 1} On September 17, 2002, the council for the city of Pickerington, Ohio, adopted Ordinance No. 2002–115 ("Fox Glen Ordinance"). The Fox Glen Ordinance approved the final plats for the Fox Glen Subdivision, a single-family detached residential development. Section 1 of the ordinance mandated the attachment of the final plats to the ordinance and their incorporation in the ordinance:

{¶ 2} "Council hereby approves the final plats for the Fox Glen Subdivision, Sections 1, 2, 3 and 4. *A copy of the final plats shall be attached hereto and incorporated herein."* (Emphasis added.)

{¶ 3} Consistent with Section 1 of the Fox Glen Ordinance, a copy of the final plats was attached to the ordinance.

{¶ 4} On October 1, 2002, the Pickerington City Council enacted Ordinance No. 2002–116 ("Sycamore Creek Ordinance"). The Sycamore Creek Ordinance ap-

proved the final plat for a section of the Villages at Sycamore Creek, a planned multi-use development. Like the first section of the Fox Glen Ordinance, Section 1 of the Sycamore Creek Ordinance required the attachment and incorporation of the final plat:

{¶ 5} "Council hereby approves the final plat for the Villages at Sycamore Creek, Section 11. A copy of the plat shall be attached hereto and incorporated herein."

{¶ 6} A copy of the final plat was attached to the ordinance.

{¶ 7} On October 4, 2002, Pickerington Municipal Clerk Lynda D. Yartin provided to relators, various electors of Pickerington and Violet Township, certified copies of the Fox Glen and Sycamore Creek ordinances, including copies of the attached and incorporated plats. On that same date, relators filed the certified copies of the ordinances, but without the plats, with respondent, Pickerington Director of Finance Linda A. Fersch. Relators also filed precirculation copies of referendum petitions concerning the ordinances. Fersch performs the functions of a city auditor for Pickerington.

{¶ 8} On October 15, 2002, relators filed the circulated referendum petitions with Fersch. Both petitions contained 23 part-petitions. The plats were not included in any of the part-petitions. Pursuant to R.C. 731.29, Fersch transmitted the petitions and certified copies of the text of the ordinances to the Fairfield County Board of Elections. The board of elections found that the petitions contained sufficient valid signatures.

{¶ 9} On November 7, 2002, Fersch was advised by special counsel for Pickerington that the enactment of the Fox Glen and Sycamore Creek ordinances constituted administrative actions that were not subject to referendum. On November 8, Fersch notified relators that the referendum petitions were invalid because they concerned nonreferendable administrative actions. On December 3, Fersch refused to reconsider her previous determination.

{¶ 10} On December 23, 2002, relators requested a writ of mandamus to compel Fersch to certify the sufficiency and validity of the referendum petitions to the board of elections and transmit the Fox Glen and Sycamore Creek ordinances to the city council for submission to the electorate at the November 4, 2003 general election. Fersch answered the complaint and raised additional defenses, including a claim that the petitions did not comply with R.C. 731.32 and were therefore invalid. We subsequently granted an alternative writ and allowed Dominion Homes, Inc., Princeton Capital Group, L.L.C., and Weston Investments, L.L.C., to intervene as respondents. 98 Ohio St.3d 1458, 2003-Ohio-644, 783 N.E.2d 518. The parties filed evidence and briefs, and Fersch moved to strike a portion of relators' evidence and a portion of their initial brief.

{¶ 11} The cause is now before the court for a determination of the merits.

{¶ 12} Relators claim that they are entitled to the requested writ of mandamus to compel Fersch to certify the sufficiency and validity of the referendum petitions and to transmit the ordinances for placement on the November 4, 2003 election ballot. In order to be entitled to the writ, relators must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of Fersch to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Moore v. Malone,* 96 Ohio St.3d 417, 2002-Ohio-4821, 775 N.E.2d 812, ¶ 20.

{¶ 13} Relators cannot prove a clear legal right to the requested relief or a clear legal duty on the part of Fersch to provide it because relators failed to comply with R.C. 731.32. Under Section 8.07(2) of the Pickerington Charter, municipal electors "have the power to approve or reject at the polls any ordinance * * * in accordance with the provisions of the Constitution and laws of Ohio now or hereafter in effect." One applicable provision is R.C. 731.32, which requires that whoever seeks a referendum on an ordinance must, before circulation of the petition, file a certified copy of the ordinance or measure with the city auditor or village clerk:

{¶ 14} "Whoever seeks to propose an ordinance or measure in a municipal corporation by initiative petition or *files a referendum petition against any ordinance or measure shall, before circulating such petition, file a certified copy of the proposed ordinance or measure with the city auditor* or the village clerk.

{¶ 15} "As used in this section, 'certified copy' means a copy containing a written statement attesting that it is a true and exact reproduction of the original proposed ordinance or measure or of the original ordinance or measure." (Emphasis added.)

{¶ 16} Relators did not comply with R.C. 731.32. Although the municipal clerk gave relators certified copies of the Fox Glen and Sycamore Creek ordinances, with the plats attached to and incorporated into the ordinances, relators did not file the plats with Fersch. Instead, they filed incomplete certified copies of the ordinances that failed to contain the plats expressly incorporated in the ordinances.

{¶ 17} " 'The settled rule is that election laws are mandatory and require strict compliance and that substantial compliance is acceptable only when an election provision expressly states that it is.' " *State ex rel. Vickers v. Summit Cty. Council,* 97 Ohio St.3d 204, 2002-Ohio-5583, 777 N.E.2d 830, ¶ 32, quoting *State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77–01 v. Lorain Cty. Bd. of Elections,* 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239, ¶ 49. R.C. 731.32 does not expressly permit substantial compliance, so it requires strict compliance. See, e.g., *State ex rel. Crossman Communities of Ohio, Inc. v.*

*Greene Cty. Bd. of Elections* (1999), 87 Ohio St.3d 132, 137, 717 N.E.2d 1091 ("we require strict compliance with R.C. 731.32"); *State ex rel. Mika v. Lemon* (1959), 170 Ohio St. 1, 9 O.O.2d 304, 161 N.E.2d 488, paragraph two of the syllabus ("The requirement of [R.C.] 731.32 * * * is mandatory, and in the absence of compliance therewith no duty falls upon the city clerk to receive and file with the board of elections a referendum petition otherwise valid"). Relators' petitions did not comply with R.C. 731.32, and they cite no persuasive authority to excuse this noncompliance. Consequently, Fersch had no duty to certify their sufficiency and validity.

{¶ 18} By not complying with R.C. 731.32, relators denied interested citizens an opportunity to examine *complete* copies of the ordinances when relators filed them in the finance director's office. See *Kleptz v. Cantrell,* Miami App. No. 2002 CA 37, 2003-Ohio-910, 2003 WL 574629, at ¶ 17 (one of the purposes of R.C. 731.32 is to permit citizens to inspect the ordinance or measure that is the subject of the referendum petition); cf. *State ex rel. Golem v. Cuyahoga Cty. Bd. of Elections* (Sept. 18, 2000), Cuyahoga App. No. 78145, 2000 WL 1369915 ("Attaching a certified copy of the ordinance to the petition ensures that citizens asked to sign a petition will have the opportunity to examine an authenticated copy of the original text of the ordinance").

{¶ 19} Moreover, although Fersch did not base her initial refusal to certify the referendum petitions on relators' violation of R.C. 731.32, she is not thereby estopped from raising this violation. "Estoppel does not apply against election officials in the exercise of governmental functions." *State ex rel. Ditmars v. McSweeney* (2002), 94 Ohio St.3d 472, 476, 764 N.E.2d 971; see, also, *State ex rel. Shaw v. Lynch* (1991), 62 Ohio St.3d 174, 176–177, 580 N.E.2d 1068 (city council clerk not estopped from asserting noncompliance with former R.C. 731.32 although clerk had represented to referendum petitioners that "full and accurate copies" of ordinances would be sufficient); cf. *State ex rel. Athens Cty. Bd. of Commrs. v. Gallia, Jackson, Meigs, Vinton Jt. Solid Waste Mgt. Dist.* (1996), 75 Ohio St.3d 611, 616, 665 N.E.2d 202 ("a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof").

{¶ 20} This result also does not contravene our duty to liberally construe municipal referendum petitions in favor of the right of referendum. Instead, even under the most liberal construction, the uncontroverted evidence establishes that relators failed to satisfy the requirements of R.C. 731.32 and thereby could have misled persons asked to sign the petition. Cf. *E. Ohio Gas Co. v. Wood Cty. Bd. of Elections* (1998), 83 Ohio St.3d 298, 302, 699 N.E.2d 916.

{¶ 21} Based on the foregoing, Fersch did not abuse her discretion or disregard applicable law by refusing to certify the sufficiency and validity of the

referendum petitions and by failing to transmit the ordinances for placement on the November 4, 2003 election ballot. Therefore, we deny the writ.

{¶ 22} By so holding, we need not determine relators' claims. Nor need we address Fersch's and the intervening respondents' additional defenses to relators' mandamus claim, e.g., noncompliance with S.Ct.Prac.R. X(4) and lack of standing, or Fersch's motion to strike. We have consistently held that we will not issue advisory opinions, and this rule applies equally to election cases. *State ex rel. Fuller v. Medina Cty. Bd. of Elections,* 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶ 12; *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 242, 736 N.E.2d 893; *In re Contested Election on November 7, 1995* (1996), 76 Ohio St.3d 234, 236, 667 N.E.2d 362.

Writ denied.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

COOK, J., not participating.

———————

Moots, Cope & Carter, L.P.A., and Christopher E. Hogan, for relators.

Robert E. Mapes, Pickerington Law Director, and Donald J. McTigue, for respondent.

Porter, Wright, Morris & Arthur, L.L.P., Kathleen M. Trafford and L. Bradfield Hughes; Shuler, Plank & Brahm and Richard C. Brahm, for intervening respondent Dominion Homes, Inc.

Wrightsel & Wrightsel and R. Douglas Wrightsel, for intervening respondents Princeton Capital Group, L.L.C., and Weston Investments, L.L.C.