OPINION AND JOURNAL ENTRY
{¶ 1} In this original action in mandamus, relator, Kevin B. Todd, seeks an order to compel Respondents, various office holders in the Village of New Waterford, to canvas the petitions filed under R.C.703.20 to determine whether the signatures in those petitions are sufficient under the statute and to provide for a special election to surrender the corporate powers of the Village.
 {¶ 2} On May 31, 2006, Cheryl Mattern delivered petitions on behalf of Relator to the Village's fiscal officer and clerk, but did not deliver a pre-circulation copy of the petition to the fiscal officer and clerk or any other Village official. Those petitions were for an election to determine if the Village's corporate powers should be surrendered. The petitions purported to contain more than forty percent of the duly qualified electors of the Village. The petitions were kept in the possession of the fiscal officer and clerk for eight days, during which they were open to the public and to village officials for inspection. Copies were provided to parties upon request.
 {¶ 3} On June 7, 2006, the New Waterford Village Council held a special meeting, where it discussed, among other things, the petitions filed on May 31st. The Village's solicitor was of the opinion that the petitions were defective for not complying with R.C. 731.32. In particular, the solicitor felt that the failure to file a pre-circulation copy of the petition was a fatal defect. Based on both this opinion and its review of the sufficiency of the petitions, the Council rejected the petitions. Accordingly, the fiscal officer and clerk did not forward the petitions to the Columbiana County Board of Elections and the Village has taken no action to fix a date for a special election.
 {¶ 4} On June 23, 2006, Relator filed a complaint in mandamus seeking a writ ordering the Council to either canvas the petitions to determine whether the signatures are sufficient or direct the Board of Elections to hold a special election based upon the petitions. Relator filed a motion for summary judgment in this court on October 20, 2006, seeking the relief requested in the petition. Respondents filed a cross-motion for summary judgment on November 3, 2006, and supplemented that motion on November 6, 2006. The parties also stipulated to certain facts on November 6, 2006. *Page 3 
 {¶ 5} Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 N.E.2d 1243. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.
 {¶ 6} In order for a court to issue a writ of mandamus, a relator must demonstrate 1) that he has a clear legal right to the relief prayed for, 2) that respondents are under a clear legal duty to perform the acts, and 3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 42, 374 N.E.2d 641. The Respondents' motion argues that Relator cannot prove that he has a clear legal right to the relief for which he prays.
 {¶ 7} R.C. 731.28 allows someone living in a municipal corporation to propose via petition an initiative to adopt "[ordinances and other measures providing for the exercise of any powers of government granted by the constitution or delegated to any municipal corporation by the general assembly may be proposed by initiative petition." "Whoever seeks to propose an ordinance or measure in a municipal corporation by initiative petition or files a referendum petition against any ordinance or measure shall, before circulating such petition, file a certified copy of the proposed ordinance or measure with the city auditor or the village clerk." R.C. 731.32.
 {¶ 8} In this case, Relator did not file a certified copy of the proposed measure with the village clerk. The Ohio Supreme Court requires strict compliance with R.C. 731.32. State ex rel. Crossman Communitiesof Ohio, Inc. v. Greene Cty. Bd. of Elections, 87 Ohio St.3d 132, 137, 1999-Ohio-0308. Accordingly, the failure to comply with this statute is a fatal defect to the initiative if the petitions are actually initiative *Page 4 
petitions. State ex rel. Barletta v. Fersch, 99 Ohio St.3d 295,2003-Ohio-3629, at ¶ 17. The parties' dispute focuses on this question.
 {¶ 9} The petitions which are the subject of dispute in this case are under R.C. 703.20, which provides:
 {¶ 10} "Villages may surrender their corporate powers upon the petition to the legislative authority of the village of at least forty per cent of the electors thereof, to be determined by the number voting at the last regular municipal elecion [sic], and by an affirmative vote of a majority of such electors at a special election, which shall be provided for by the legislative authority, and conducted, canvassed, and the result certified and made known as at regular municipal elections. If the result of the election is in favor of such surrender, the village clerk shall certify the result to the secretary of state and the county recorder, who shall record it in their respective offices, and thereupon the corporate powers of such village shall cease."
 {¶ 11} Relator argues that petitions under R.C. 703.20 are not initiative petitions and, therefore, not subject to the requirements of R.C. 731.32. In contrast, Respondents contend that Relator is seeking to use the power of initiative and should be required to comply with the statutes governing initiative petitions.
 {¶ 12} Article II, Section 1f of the Ohio Constitution reserves initiative and referendum powers "to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law." This "is the sole constitutional source of initiative and referendum powers, reserved by the people of the state to the people of each municipality."Buckeye Community Hope Found. v. Cuyahoga Falls (1998),82 Ohio St.3d 539, 542.
 {¶ 13} An initiative is a proposal which allows the people to directly enact a law if they accept the proposal in an election and a referendum is a proposal which allows the people to directly repeal a law which has already been enacted by the legislature. Pfeifer v. Graves (1913), 88 Ohio St. 473, 480. It is important to emphasize that the power of initiative only applies to actions which are legislative in nature. Actions taken by a municipal legislative body, whether by ordinance, resolution, or other means, that are not *Page 5 
legislative actions are not subject to initiative or referendum proceedings. Buckeye Community Hope at paragraph two of the syllabus.
 {¶ 14} The decision over whether to dissolve a municipality is not a legislative decision. Legislative decisions involve the creation of a new law. State ex rel. DeBrosse v. Cool, 87 Ohio St.3d 1, 6, 1999-Ohio-0239. The decision a petition under R.C. 703.20 is asking the voters to make is not over whether to enact a law. Instead, it is over whether a group of people, the voters in New Waterford, want to continue together as a distinct political unit.
 {¶ 15} The fact that the petitions proposed an ordinance authorizing a special election does not change the petitions into initiative petitions. First, ordering a special election does not involve the creation of a law; rather it involves the execution or administration of laws that are already in existence. Accordingly, ordering the special election is an administrative, rather than legislative, function. SeeDeBrosse at 6 (Administrative decisions involving the execution or administration of laws that are already in existence are not legislative actions.). Second, the decision the petition is asking to put before the voters is whether the Village should be dissolved, not whether to hold the special election. Thus, the fact that the petitioners have attached an ordinance to the petition does not turn this petition into an initiative petition.
 {¶ 16} A petition under R.C. 703.20 is not an initiative petition since it is not asking the voters whether a law should be enacted. Instead, it is asking the voters whether they want to continue to be part of a particular political union. Since petitions under R.C. 703.20
are not initiative petitions, they are not subject to the mandatory requirements of R.C. 731.32. Accordingly, Respondents' arguments in their motion for summary judgment are meritless and their motion for summary judgment is denied.
 {¶ 17} However, this does not mean that we can grant Relator's motion for summary judgment. Relator seeks two forms of relief. First, he asks that we enter a writ ordering the Council to canvas the petitions to determine whether the signatures are sufficient. However, the stipulated facts show that the Council has already taken this action. The parties' fifth stipulation states:
 {¶ 18} "Based upon the Village Solicitor's legal opinion and review of the *Page 6 
sufficiency of the petitions all members of Council voted affirmatively to reject the petitions."
 {¶ 19} This stipulation shows that the Council has already canvassed the petitions to determine whether the signatures are sufficient. Since the Council has already taken this action, Relator is not entitled to this form of mandamus relief.
 {¶ 20} The second form of relief which Relator seeks is a writ directing the Board of Elections to hold a special election based upon the petitions. R.C. 703.20 provides that a village council shall provide for a special election to surrender its corporate powers "upon the petition to the legislative authority of the village of at least forty per cent of the electors thereof, to be determined by the number voting at the last regular municipal election [sic.]." In this case, Relator has attached petitions containing one hundred eighty-two signatures to his mandamus petition. However, there is no evidence before us showing that this number constitutes at least forty percent of the electors in the Village, as those are defined by R.C. 703.20. Until Relator can prove that the number of signatures submitted to the Village is at least forty percent of the electors, the Village is under no legal duty to either canvas those petitions to determine whether the signatures within them are valid and/or sufficient under R.C. 703.20 or provide for a special election. At this point, Relator's motion for summary judgment must be denied.
 {¶ 21} Neither party has demonstrated that they are entitled to summary judgment and this matter remains pending before this court. We grant the parties an additional thirty (30) days to file supplemental motions for summary judgment addressing the outstanding issues in this case.
 DeGenaro, P.J., concurs. Donofrio, J., concurs. Waite, J., concurs.