THE STATE EX REL. TODD, APPELLEE, v. FELGER, MAYOR, ET AL., APPELLANTS.

[Cite as *State ex rel. Todd v. Felger,*
116 Ohio St.3d 207, 2007-Ohio-6053.]

(No. 2007–1002—Submitted October 16, 2007—Decided November 20, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of mandamus to compel a mayor and a village council to review a petition requesting a special election on the surrender of the village's corporate powers and to fix an election date if signatures on the petition are determined to be sufficient. Because the mandamus claim was rendered moot when the election date requested for the corporate-powers issue passed before the case was resolved, we reverse the judgment of the court of appeals and deny the writ.

{¶ 2} Appellee, Kevin B. Todd, is a registered voter and taxpayer residing in appellant village of New Waterford. On May 31, 2006, Todd filed a petition and a proposed ordinance with Michael A. Harold, the fiscal officer and clerk for the village. The petition, which consisted of nine pages and contained 182 signatures, requested pursuant to R.C. 703.20 that the New Waterford Village Council order an election to determine whether the village's corporate powers should be surrendered. The ordinance proposed a November 7, 2006 special election "to vote upon the question of surrendering the corporate powers of the Village and of causing the municipality to become part of Unity Township." A certified copy of the petition was not filed with the fiscal officer/village clerk or any other village official prior to circulation of the petition.

{¶ 3} On June 6, 2006, a committee consisting of three of the six village council members began to review the petition. From its initial review, the committee identified potential problems with 18 signatures.

{¶ 4} At a special council meeting on June 7, 2006, the village solicitor advised the council that the petitioner's failure to file a certified copy of the proposed ordinance for special election before circulating it rendered the petition invalid.

Based on the solicitor's opinion, the council voted unanimously to reject the petition. The fiscal officer/clerk did not forward the petition to the Columbiana County Board of Elections, and the board did not determine the number of valid signatures on the petition. The mayor and village council did not set the requested special election.

{¶ 5} On June 23, 2006, several months before the November 7, 2006 election date requested in the proposed ordinance, Todd filed a petition in the Court of Appeals for Columbiana County requesting a writ of mandamus to compel the New Waterford Village Council to canvass the petition filed under R.C. 703.20 to determine whether it contains sufficient valid signatures and, if it does, to "forthwith and immediately" direct the board of elections to hold a special election on the petition to surrender the village's corporate powers pursuant to R.C. 703.20. Todd named appellants, the village and its fiscal officer/clerk, its council members, and its mayor, as respondents. In September 2006, after appellants filed answers, Todd requested an expedited briefing schedule so that the issue could be certified to appear on a February 6, 2007 election ballot. The court of appeals did not rule on the motion, and the parties submitted motions for summary judgment, which the court denied in January 2007. *State ex rel. Todd v. Felger,* Columbiana App. No. 06 CO 38, 2007-Ohio-731, 2007 WL 549577.

{¶ 6} The parties then filed supplemental motions for summary judgment. In April 2007, the court of appeals granted a writ of mandamus to compel the mayor and the village council to canvass the petition and determine the sufficiency of the signatures and—if the signatures are found to be sufficient and in compliance with R.C. 703.20—to fix a date for a special election concerning the surrender of the village's corporate powers.

{¶ 7} This cause is now before the court upon an appeal as of right by the village, its fiscal officer/clerk, its mayor, and its council members.

## Mootness

{¶ 8} Appellants argued both below and on appeal that Todd's mandamus claim is moot because the election date on which he originally sought to have the corporate-powers issue decided—November 7, 2006—had passed before the court of appeals rendered its decision. The court of appeals did not address this issue.

{¶ 9} In general, "election cases are moot where the relief sought is to have a name or an issue placed on the ballot and the election was held before the case could be decided." *In re Protest Filed by Citizens for the Merit Selection of Judges, Inc.* (1990), 49 Ohio St.3d 102, 103, 551 N.E.2d 150; *State ex rel. Bona v. Orange* (1999), 85 Ohio St.3d 18, 21, 706 N.E.2d 771.

{¶ 10} Todd filed his petition in May 2006 with the fiscal officer/village clerk and also filed a proposed ordinance setting the corporate-powers issue for a

November 7, 2006 special election. He commenced his mandamus action in the court of appeals in June 2006. Although R.C. 703.20 does not specify a date for the special election, the implication is that the legislative authority of the village will schedule the election for the next available date. For example, the village council cannot set a special-election date four years away. See *State ex rel. Webb v. Bliss,* 99 Ohio St.3d 166, 2003-Ohio-3049, 789 N.E.2d 1102, ¶ 22 (court has duty to construe statute to avoid unreasonable or absurd results); R.C. 1.47(C). Under R.C. 3501.01(D), a special election generally "may be held only on the first Tuesday after the first Monday in February, May, August, or November." When Todd filed his mandamus action, the next available date for a special election was November 2006. See R.C. 3501.02(F) ("Any question or issue * * * to be voted upon at an election shall be certified, for placement upon the ballot, to the board of elections not later than four p.m. of the seventy-fifth day before the day of the election").

{¶ 11} In September 2006, Todd filed a motion for an expedited briefing schedule in which he claimed that the next available date for a special election was February 2007. The court of appeals, however, did not render a final determination until April 2007. Because the proposed date for the election had passed, Todd's mandamus claim was moot and should have been dismissed by the court of appeals. *State ex rel. Hills Communities, Inc. v. Clermont Cty. Bd. of Elections* (2001), 91 Ohio St.3d 465, 467, 746 N.E.2d 1115.

{¶ 12} This is also not a case in which the merit issues raised are capable of repetition yet evade review. " 'This exception [to the moot-issue doctrine] applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party will be subject to the same action again.' " *State ex rel. White v. Kilbane Koch,* 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 13, quoting *State ex rel. Dispatch Printing Co. v. Louden* (2001), 91 Ohio St.3d 61, 64, 741 N.E.2d 517. Election cases are often fully litigated before the pertinent election. See, e.g., S.Ct.Prac.R. X(9), setting forth an expedited evidence and briefing schedule for writ cases filed within 90 days of the pertinent election. Like petitioners in all election cases, Todd had a duty to act with extreme diligence. See *Rust v. Lucas Cty. Bd. of Elections,* 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, ¶ 15, quoting *State ex rel. Fuller v. Medina Cty. Bd. of Elections,* 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶ 7 (" 'Relators in election cases must exercise the utmost diligence' "). Todd instead waited two and one-half months after filing the mandamus action to request expedited consideration and then never again requested that the court of appeals act more promptly. Todd never informed the court of appeals that his claim needed to be resolved in time for placement of the corporate-powers issue on the November 2006 election ballot.

{¶ 13} Based on the foregoing, the court of appeals erred in failing to dismiss Todd's mandamus action based on mootness. Moreover, because this conclusion renders moot the other propositions raised by appellants, we need not address them. See *State ex rel. Becker v. Eastlake* (2001), 93 Ohio St.3d 502, 507, 756 N.E.2d 1228 (holding in expedited election case rendered moot the city's remaining defenses). This is consistent with our general rule that we will not issue advisory opinions, which we have applied to election cases. *State ex rel. Essig v. Blackwell,* 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 34. Therefore, we reverse the judgment of the court of appeals and deny the writ.

Judgment reversed
and writ denied.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., dissents.

―――――――――

LUNDBERG STRATTON, **J., dissenting.**

{¶ 14} I respectfully dissent from the decision that the issue in this case is moot. Instead, I would affirm the judgment of the court of appeals.

{¶ 15} I believe that Todd acted diligently by filing his case on June 23, 2006, more than four months before the November 2006 election. At that time, there was no need to request an expedited ruling. In September, when it became obvious to him that the court of appeals was not going to rule in time for the November election, he appropriately moved for an expedited briefing schedule so that the election could be scheduled in February 2007. The court had ample time to decide the case before the February election.

{¶ 16} Instead, the court of appeals ignored the September 2006 motions, denied summary judgment motions in January 2007, and did not grant the writ of mandamus until April 2007, well beyond the February election. The subject of the petition, to surrender the village's corporate powers, has not expired or become moot. Therefore, if there is a sufficient number of signatures verified and the village otherwise determines that the petition is valid, this matter should be scheduled for the next appropriate special election date.

{¶ 17} Todd did all he could to have the court proceed in a timely manner. He could not force the court to do its job timely. He should not have had to resort to a mandamus action in this court in order to force the court of appeals to timely act. The delay is the fault of the court of appeals. A court should give priority to election cases, especially those accompanied by a request to expedite. There is no reason for a court to delay ruling on an election case for ten months.

{¶ 18} By declaring the issue moot, the majority sanctions the dilatory conduct of courts that delay ruling, especially in election cases where time is of the essence, and it punishes the public, which is powerless once the challenger tries to get the court's attention with a request to expedite. I believe that this decision sends the wrong message to the electorate and the judiciary.

{¶ 19} Consequently, I would affirm the judgment of the court of appeals granting the writ of mandamus ordering the mayor and Village Council of New Waterford to determine whether there are sufficient signatures and whether the petition is otherwise valid and, if so, to fix a date for a special election. I would urge all courts to treat election cases in a timely fashion because timely adjudication is crucial to the orderly election process.

---

Allison & Blasdell and J. Bradley Allison, for appellee.

Judith A. Carlin, Solicitor, Village of New Waterford, for appellants.