[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Duclos v. Hamilton Cty. Bd. of Elections,* Slip Opinion No. 2016-Ohio-367.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-367

THE STATE EX REL. DUCLOS *v.* HAMILTON COUNTY BOARD OF ELECTIONS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Duclos v. Hamilton Cty. Bd. of Elections,* Slip Opinion No. 2016-Ohio-367.]

*Elections—Prohibition—Action to remove candidate's name from primary ballot barred by laches—Writ denied.*

(No. 2016-0071—Submitted February 1, 2016—Decided February 2, 2016.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} In this expedited election case, relator, David B. Duclos, seeks a writ of prohibition against respondents, the Hamilton County Board of Elections and its members, Timothy M. Burke, Alex M. Triantafilou, Caleb Faux, and Charles H. Gerhardt III, to remove the name of Gary W. Lee from the March 15, 2016 primary

ballot as a candidate for sheriff.  We hold that Duclos's petition is barred by laches, and accordingly we deny the writ.

*Background*

{¶ 2} On December 1, 2015, Lee filed his petition and declaration of candidacy at the board of elections.  As part of his filing, he submitted a letter from Judge Robert Winkler, Hamilton County Common Pleas Court administrative judge, to the director of the board of elections, which indicated:

> [Lee's] fingerprints have been taken at my direction and he has been the subject of a search of local, state, and national fingerprint files to disclose any criminal record.  Enclosed please find copies of the correspondence I have received from the respective agencies indicating no disqualifying criminal record on file.

Along with Judge Winkler's letter, Lee submitted the result sheets of fingerprint searches from the Hamilton County Regional Crime Information Center and the Ohio Bureau of Criminal Investigation ("BCI").  However, contrary to the statement in Judge Winkler's letter, a fingerprint-search result sheet from the Federal Bureau of Investigation ("FBI") was not attached, and thus not submitted to the board of elections.

{¶ 3} Lee's paperwork also included a journal entry signed by Judge Winkler.  In the entry, Judge Winkler made findings that fingerprint searches by the FBI and BCI did not disclose any disqualifying criminal convictions and that Lee was eligible to be a candidate for the office of Hamilton County Sheriff.

{¶ 4} On January 4, 2016, Duclos filed a written protest with the board of elections.  He alleged that Lee's application was incomplete because it failed to include the result sheet of an FBI background check.

**{¶ 5}** The board of elections conducted a protest hearing on January 11, 2016. In the course of that hearing, the report from the FBI, showing no relevant convictions, was entered into evidence. That same day, the board denied the protest by a vote of four to zero.

**{¶ 6}** On January 14, 2016, Duclos, through counsel, filed a mandamus complaint in this court. *Duclos v. Hamilton Cty. Bd. of Elections*, case No. 2016-0052. But five days later (two business days), on January 19, 2016, he filed an application to dismiss that action because it sought the wrong relief and filed a new complaint for a writ of prohibition.

**{¶ 7}** Respondents and Lee, as an amicus curiae, argue that Duclos unreasonably delayed bringing this action to their prejudice. We agree.

*Laches*

**{¶ 8}** Laches may bar relief in an election-related matter if the person seeking relief fails to act with the " 'utmost diligence.' " *State ex rel. Monroe v. Mahoning Cty. Bd. of Elections*, 137 Ohio St.3d 62, 2013-Ohio-4490, 997 N.E.2d 524, ¶ 30, quoting *State ex rel. Fuller v. Medina Cty. Bd. of Elections*, 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶ 7. While a laches defense rarely prevails in election cases, we hold that the defense applies to this case because of Duclos's failure to act with any diligence whatsoever.

**{¶ 9}** Lee's candidacy was ripe for protest on December 1, 2015, when he filed his allegedly incomplete paperwork. But Duclos waited over a month, until January 4, 2016, to file his protest. According to Duclos, he did not discover the omission of the FBI report until December 16, 2016, when he examined Lee's filing. But he does not explain why he waited two weeks to check the filing.

**{¶ 10}** In his reply brief, he suggests that his protest was triggered not by Lee's filing but by the board's decision to certify Lee for the ballot on December 21, 2015. But even using that date as the starting point, and even allowing for some delay over the holidays, Duclos does not explain why he waited two weeks to file

his protest. And after the board rendered its decision, Duclos caused additional delay by dismissing his first lawsuit in favor of a second.

{¶ 11} In all, at least six weeks elapsed between the filing of Lee's application and the commencement of suit in this court. Only one of those weeks was attributable to the board of elections. This delay has had two serious consequences. First, had Duclos acted promptly when Lee filed his application, the board could have adjudicated the protest and Duclos would have had ample time to consult with counsel and file suit in this court before December 16, 2015, the 90th day before the date of the election. In other words, the delay caused this case to become an expedited election case, which constitutes prejudice for purposes of laches. *State ex rel. Willke v. Taft*, 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶ 18.

{¶ 12} Second, and of greater seriousness, Uniformed and Overseas Citizens Absentee Voting Act absentee ballots became available on Saturday, January 30, 2016. Because Duclos failed to act with appropriate speed, voting in the contested primary has begun with the matter still unresolved and, therefore, with the possibility of disqualification still hanging over Lee's candidacy.

{¶ 13} "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995). We hold that all the elements of laches are present in this case. Given this disposition, we offer no comment on the other legal arguments raised by the parties.

*Conclusion*

{¶ 14} We deny Duclos's petition for a writ of prohibition on the grounds of laches.

Writ denied.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, and FRENCH, JJ., concur.

PFEIFER and KENNEDY, JJ., concur in judgment only.

O'NEILL, J., concurs separately in judgment only.

_____

**O'NEILL, J., concurring in judgment only.**

{¶ 15} I concur in judgment only. I would also deny the request for a writ of prohibition, but I would do so for a different reason.

{¶ 16} I agree that respondents, the Hamilton County Board of Elections and its members, did their job, but I write separately to state my view that the writ should be denied based on the merits of the claim made by relator, David. B. Duclos. The question presented is significant. This court should determine what material a candidate for sheriff must file with a board of elections, and in turn disclose to the public, in support of his or her qualifications for the ballot. To dismiss on the issue of laches does a disservice to the legal concept. There was no unreasonable delay by this relator.

{¶ 17} Gary W. Lee, the candidate for sheriff, filed his petition to be placed on the ballot on December 1, 2015. That was 61 days before the ballots needed to be mailed under the Uniformed and Overseas Citizens Absentee Voting Act. No one on the face of the earth, including relator, could have known of the alleged defect in the petition prior to that date. Indeed, there was nothing to file in a court until the board of elections had reviewed the petition. Relator took all of two weeks after the petition was certified, from December 21, 2015, to January 4, 2016, to sound the alarm to the board of elections through a written protest. The board conducted a hearing one week later on January 11, 2016. Eight days after a final decision from the board, relator filed a complaint in this court. That is not sitting on one's rights for purposes of laches. *See State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 27 (petition for writ that was filed in this court three days after city council failed to place charter amendment on

ballot not barred by laches). Relator took advantage of an alternative legal remedy available within the administrative structure of the board of elections. Now this court finds that doing so was unreasonable and prejudiced respondents. .

{¶ 18} We can and should absolutely deny this petition on the merits. Lee strictly complied with the plain language of R.C. 311.01(B)(6) by "notify[ing] the board of elections * * * of the judge's findings" and with the plain language of R.C. 311.01(B)(7). Lee simply did not need to provide every bit of paperwork reviewed by Judge Winkler to the board of elections. The judge's findings were sufficient, and the board of elections and its members complied with their legal duties. In light of this court's preference for resolving cases on their merits, *Hackworth* at ¶ 26, rather than on procedural minutiae, we should give boards of elections a real answer to a real question. .

{¶ 19} I would deny the writ on its merits and not on laches. This time line is not a precedent anyone would want to follow.

———————————

Lisa Rabanus, for relator.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and David T. Stevenson and Cooper D. Bowen, Assistant Prosecuting Attorneys, for respondents.

Charles M. Miller, in support of respondents for amicus curiae, Gary Lee.

———————————