[Cite as *State ex rel. Maumee v. Lucas Cty. Bd. of Elections*, 2024-Ohio-5304.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio ex rel. City of Maumee, et al.,

        Appellants

v.

Lucas County Board of Elections

        Appellee

Court of Appeals No. L-24-1238

Trial Court No. CI0202402608

**DECISION AND JUDGMENT**

Decided: October 30, 2024

* * * * *

Jeffrey M. Stopar, Esq., and Alan J. Lehenbauer, Esq.,
for appellants, City of Maumee and James MacDonald.

Julia R. Bates, Kevin A. Pituch, Esq., John A. Borell, Esq., and
Evy M. Jarrett, for appellee, Lucas County Board of Elections.

* * * * *

**ZMUDA, J.**

## I. Introduction

{¶ 1} Appellants, City of Maumee and its mayor, James McDonald (collectively, "the City"), appeal the October 8, 2024 judgment of the Lucas County Court of Common

Pleas denying their complaint seeking a writ of prohibition against appellee, Lucas County Board of Elections ("the Board"). For the following reasons, we affirm the trial court's judgment.

## II. Facts and Procedural Background

{¶ 2} The facts necessary for our resolution of this appeal are undisputed. The City passed Ordinance No. 002-2023 on March 20, 2023. A resident of the City, Colleen LaChapelle, filed a certification with the City's clerk on March 31, 2023, indicating that she and "other concerned citizens" intended to circulate and file a referendum petition against the ordinance for an upcoming general election. The City initially declined to forward the certification to the Board, alleging that the petition was deficient under R.C. 731.32. LaChapelle sought, and was granted, a writ of mandamus from the Ohio Supreme Court ordering the City to transmit the referendum petition to the Board. *State ex rel. LaChapelle v. Harkey,* 2023-Ohio-2723. The petition was then forwarded to the Board for its review and placement on the ballot.

{¶ 3} The City filed objections to the referendum petition on August 24, 2023.[1] Those objections alleged that LaChapelle's referendum petition was not properly certified and that LaChapelle failed to include a complete, certified copy of the ordinance to the petition. The Board scheduled a hearing for the resolution of their objections on April 4, 2024. On that date, the Board heard oral arguments from the parties on the City's

---

[1] The city filed two additional objections on August 8 and 29, 2024. Those objections were subsequently withdrawn and are not part of this appeal.

2.

objections. The Board overruled the objections and advised the parties of its opinion that same day.

{¶ 4} On May 31, 2024, the City filed a verified petition in the Lucas County Court of Common Pleas seeking a writ of prohibition to preclude the Board from including the referendum on the November 5, 2024 general election ballot. The City's petition restated the overruled objections regarding the alleged certification deficiencies in LaChappelle's original filing. It alleged that R.C. 731.32 required strict compliance for a referendum to be placed on the ballot and that those deficiencies rendered the referendum issue on which the petition was advanced to the ballot invalid. The City filed an amended petition on June 3, 2024, to include the exhibits to its complaint that were initially rejected by the clerk of courts.

{¶ 5} Prior to the Board filing its answer, the parties attended a pretrial hearing on June 7, 2024.[2] At that pretrial, the parties agreed to a case management schedule for resolution of the City's complaint. Specifically, the parties agreed to submit their respective motions for summary judgment on or before June 28, 2024, with responses to be filed on or before July 15, 2024.

{¶ 6} The Board filed its answer to the petition, generally denying the City's allegations, and its motion for summary judgment on June 27, 2024. The City filed its

---

[2] The record does not reflect an order scheduling the pretrial but shows that all parties were in attendance.

3.

motion for summary judgment on June 28, 2024. Both parties then filed their respective oppositions on July 15, 2024.

{¶ 7} The trial court entered judgment granting the Board's motion for summary judgment, and denying the City's motion for summary judgment, on October 8, 2024. The trial court determined that the City was not entitled to a writ of prohibition, finding no defect in LaChappelle's petition.

### III. Assignment of Error

{¶ 8} The City timely appealed and asserts the following error for our review:

1. The trial court erred in overruling the motion for summary judgment of [appellants] City of Maumee and James McDonald and in granting the motion for summary judgment of [appellee] Lucas County Board of Elections.

### IV. Law and Analysis

{¶ 9} Prior to reaching the merits of the City's assigned error, we have identified two preliminary issues that we must address. First, we note that in its amended petition filed with the trial court, the City only sought an order prohibiting the Board from placing the referendum on the November 5, 2024 general election ballot. Now, in this appeal, the City not only asks this court to reverse the trial court's judgment and prohibit the Board from placing the referendum on the ballot, it now asks this court, for the first time in these proceedings, to enter an order "prohibiting the votes on this issue from being

4.

tabulated[.]"[3]  It identifies no authority that would permit this court to consider its request for an unalleged claim for relief for the first time on appeal or to show that this court has the legal authority to order the Board not to tabulate votes cast by its citizens.  For this reason, we reject the City's request for an order and to prohibit the Board from tabulating votes on the underlying referendum.  Such a request could only be granted, if at all, in a separate petition seeking that extraordinary relief.

{¶ 10} Second, we must address the Board's argument that the City's claim seeking an order prohibiting the Board from placing the referendum on the ballot is barred by the doctrine of laches.  Specifically, the Board argues that the City's delay in filing its prohibition action for nearly two months after the Board overruled its objections was unreasonable and resulted in prejudice to the Board.  The City, in response, argues that the Board waived its laches argument.  It is undisputed that the Board did not allege laches as an affirmative defense with the trial court and raises it for the first time in this appeal. We begin our analysis, then, with whether the Board waived its laches argument before addressing the merits of that argument.

### A.  The Board did not waive its laches argument.

{¶ 11} It has long been held that "[i]n *nonelection* cases, laches is an affirmative defense which must be raised or else it is waived." *State ex rel. Ohio Dept. of Mental*

---

[3] The trial court entered its judgment on October 8, 2024.  The City filed its notice of appeal on October 10, 2024.  It is undisputed that absentee and early voting began on October 8, 2024.  The City's new request appears to be in response to the fact that by the time this appeal was filed, ballots may have already been cast.

5.

*Health v. Nadel,* 2003-Ohio-1632, ¶ 15; *See also State ex rel. Fishman v. Lucas Cty. Bd. of Elections,* 2007-Ohio-5583, ¶ 10; *State ex rel. Ohio Democratic Party v. LaRose,* 2024-Ohio-4953, ¶ 22 (emphasis added). Conversely, the doctrine of laches generally is not waived in election cases despite not being alleged in an initial pleading. *Id., See also State ex rel. Ascani v. Stark Cty. Bd. of Elections,* 83 Ohio St.3d 490, 494 (1998). This distinction between election and non-election cases is necessary because in election cases, the relator must show that they acted with "extreme diligence and promptness" in seeking their requested relief. *LaRose* at ¶ 22*, See also State ex rel. Pinkston v. Delaware County Board of Elections,* 2023-Ohio-1060, ¶ 15. Parties seeking relief in non-election cases are not burdened by this same exercise of diligence and promptness. *See Nadel* at ¶ 15. As this is an election case, the general rule that the City's argument that the Board waived its laches defense is without merit.

{¶ 12} The Ohio Supreme Court recently clarified the limits to this election/non-election case distinction regarding a parties' laches argument. In *State ex rel. Hildreth v. LaRose,* 2023-Ohio-3667, the relator sought a writ of mandamus compelling the respondent board of elections to remove a ballot initiative from the November, 2023 general election ballot through an original, expedited election case. *Id.* at ¶ 1. The respondent argued that relator's claim was barred by the doctrine of laches. *Id.* at ¶ 9. The court summarily denied respondent's laches defense because it was not raised as an affirmative defense in its answer to the relator's petition pursuant to Civ.R. 8(C). *Id.* Therefore, despite the exception of election cases from the general doctrine of waiver of

6.

an unalleged laches defense, the Ohio Supreme Court held that the board in *Hidlreth* had indeed waived its argument by failing to raise it in their responsive pleading. The City relies on *Hildreth* in support of its argument that the Board waived its laches argument.

{¶ 13} Close examination of *Hildreth* shows that it is distinguishable from the present action and does not support the City's argument. *Hildreth* was an original action filed in the Ohio Supreme Court as an *expedited* election case pursuant to S.Ct.Prac.R. 12.08. *Id.* at ¶ 1.[4] We find that the court's application of the waiver doctrine to the respondent's laches defense in *Hildreth* was limited to expedited election cases. At least one subsequent opinion, albeit a concurring opinion, reaches this same conclusion. *See State ex rel. Brill v. Lorain County Bd. Of Elections,* 2024-Ohio-4990, ¶ 58, fn. 4, citing *Hildreth* (Bruner, J., concurring) ("we unanimously held that a board of elections in an *expedited* election case waived a laches defense when it did not plead laches as an affirmative defense in its answer.") (emphasis added). Logically, if the waiver doctrine was applied beyond expedited cases to include all election cases, it would eliminate the long-held distinction between election and non-election cases for when waiver of a laches argument applies. That issue was not before the court and we see no basis to extend the holding in *Hildreth* beyond the facts of that expedited case. As a result, we find *Hildreth* unpersuasive as authority in support of the City's waiver argument.

---

[4] We note that the Ohio Rules of Appellate Procedure governing this court does not contain a rule establishing expedited election cases.

7.

{¶ 14} In light of the foregoing authority, we find that a party alleging the defense of laches for the first time on appeal in a non-expedited election case does not waive that defense when it was not raised before the trial court. Since the case before us is a non-expedited election case, we find that the Board did not waive its laches argument when it failed to raise it before the trial court.

**B. The City's case is barred by the doctrine of laches.**

{¶ 15} Turning to the merits of the Board's laches argument, we find that the City failed to exercise "extreme diligence and promptness" to seek its requested relief before the Board suffered prejudice as a result of its delay. *See LaRose,* 2024-Ohio-4953 at ¶ 22. As a result, the City's claim is barred by the doctrine of laches.

{¶ 16} "Laches will bar an action when there is (1) an unreasonable delay or lapse of time in asserting a right, (2) the absence of an excuse for the delay, (3) actual or constructive knowledge of the injury or wrong, and (4) prejudice to the opposing party. *Id.* at 22. "With respect to the fourth factor, the prejudice must be material." *Id.,* citing *State ex rel. Pennington v. Bivens,* 2021-Ohio-3134, ¶ 26. All four factors are present here.

{¶ 17} As to the first element, we find that the City unreasonably delayed asserting its request for relief in this case. The City filed its initial objections to the petition underlying the referendum issue on August 24, 2023. The Board overruled the City's objection on April 4, 2024. The City then waited nearly two months before filing its original petition seeking a writ of prohibition on May 31, 2024. The Ohio Supreme

8.

Court has determined that parties' delays of 24 days—and less in some instances—in seeking rights in election cases is unreasonable. *Id.* at ¶ 23, citing *State ex rel. Syx v. Stow City Council*, 2020-Ohio-4393, ¶ 11 (22-day delay); *State ex rel. Fuller v. Medina Cty. Bd. of Elections*, 2002-Ohio-5922, ¶ 11 (17-day delay); *State ex rel. Landis v. Morrow Cty. Bd. of Elections*, 2000-Ohio-295, ¶ 8-9 (22-day delay); *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 1995-Ohio-269, ¶ 13 (17-day delay). The City's delay of 57 days before seeking its writ of prohibition, coupled with its obligation to act with "extreme diligence and promptness" can only be considered unreasonable.

{¶ 18} As to the second element, the City offers no excuse for its delay. Instead, the City argues only that the Board was unreasonable in scheduling resolution of its objections in April, 2024. The Board alleged that the City agreed to this delay—a fact that would additionally support a finding that the City was unreasonable in pursuing the writ. The city neither disputes or accepts the Board's factual allegation. The record does not allow this court to resolve this factual dispute. We note, however, that if the City believed the Board was withholding a right to which it was entitled—that is, a timely decision on its objections—it could have sought a writ of mandamus or initiated some other proceeding to compel the Board to act on its objections.[5] Moreover, even if the Board had unilaterally delayed its resolution of the City's objections from August, 2023

---

[5] We note this potential action as a means by which the City could have shown that it was acting with the extreme diligence and promptness required of it to pursue its claim. Whether the City would have been entitled to such a writ is beyond the scope of this appeal.

9.

to April, 2024 to the City's prejudice, it does not explain why the City waited nearly two months before filings its petition for the writ of prohibition after the objections had been resolved. The City failed to offer any reason for its unreasonable delay in pursuing its remedy after the Board resolved its objection. For that reason, we find that the second element of the Board's laches defense is satisfied.

{¶ 19} Under the third element, it cannot be disputed that all parties in this action had actual knowledge of the wrong the Board allegedly committed during the City's delay in seeking its claimed remedy. The City initiated these proceedings with its filing of objections to LaChappelle's petition. It was involved in the Board hearing on those objections and was promptly advised of its decision on April 4, 2024. Any alleged wrong would have been known to the City at that time. As a result, we find that the third element of the Board's laches defense has been established.

{¶ 20} Finally, we find that the Board has shown material prejudice as a result of the City's delay in pursuing its writ of prohibition—the fourth element necessary to support a laches defense. "Cases in which laches is dispositive generally involve prejudice to the respondents in their statutory obligation to absentee voters to have absentee ballots printed and ready for use." *State ex rel. Pennington v. Bivens,* 2021-Ohio-3134, ¶ 28, citing *State ex rel. Steele v. Morrissey,* 2004-Ohio-4960, ¶ 14. Recently, the Ohio Supreme Court reiterated that prejudice in election cases occurs when those cases involve "requested changes to absentee ballots if a relator's delay in filing leads to the impossibility of relief before ballots are printed and mailed." *LaRose* at ¶ 27. The

10.

court also recognized that "[a]s a general matter, courts should refrain from ordering changes to the rules governing elections during or close to the start of an election." *Id.* at ¶ 28, citing *Purcell v. Gonzalez,* 549 U.S. 1, 4-5 (2006). This is based on the "common-sense principal that judges—novices in election administration should not meddle in elections at the last minute * * * because when they do, they are likely to do more harm than good." *Id.*

{¶ 21} Here, it is undisputed that absentee and early voting has already begun. Indeed, the City concedes this fact with its request that this court order the Board not to tabulate any votes cast on the referendum issue if it were to succeed in showing that the petition was invalid—a request we denied as a preliminary matter. The prejudice suffered by the Board, through its inability to correct the ballots prior to the commencement of absentee and early voting should the City succeed, is borne solely from the City's failure to exercise extreme diligence and promptness in pursuing its claim. Clearly, then, the City's delay in pursuing its claim has resulted in prejudice to the Board, satisfying the fourth element of the Board's laches defense.

{¶ 22} Having satisfied all four elements of that defense, we find that the Board's argument that the City's claim is barred by the doctrine of laches is well-founded. For these reasons, we find that the trial court did not err in granting the Board's motion for summary judgment and denying the City's motion for summary judgment. We note that our conclusion is not based on reasons relied on by the trial court. We are not precluded, however, from affirming the trial court's decision for other reasons as long as the other

11.

bases relied on does not result in prejudice to the appealing party. *See State ex rel. Sommers v. Perkins Local Schools Board of Education,* 2017-Ohio-7991 (6th Dist.) ("this court will not reverse a trial court decision that achieves the right result for the wrong reason, because such an error is not prejudicial."). The trial court's judgment reached the correct conclusion and the City suffers no prejudice from this court affirming that judgment for different reasons. Therefore, we find the City's assignment of error not well-taken.

## IV. Conclusion

{¶ 23} The city was obligated to pursue its relief with "extreme diligence and promptness" in this election case. *LaRose* at ¶ 22. This is "not simply a technical nicety" but a "consistent requirement." *Id.* at ¶ 32. The City failed to meet this obligation, without excuse, and the Board would suffer prejudice if we allowed this action to proceed. For that reason, the City's claim is barred under the doctrine of laches and we find its single assignment of error not well-taken. We affirm the October 8, 2024 judgment of the Lucas County Court of Common Pleas.

{¶ 24} Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

12.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE